## Mize, et al. v. Day, et al.

(Decided May 15, 1913).

## Appeal from Wolfe Circuit Court.

Deeds—Return of Unrecorded Deed to Grantor—Cancelling Note of Grantee—When Grantee Estopped to Set Up Title in Property.— An unrecorded deed having been returned to the grantor by an agent of the grantee without authority of the grantee and the grantee's note having been returned to him marked cancelled, and the grantor having with the knowledge of the grantee and without objection on his part conveyed the property to another, the grantee is estopped to set up title to the property ten years thereafter when he acquiesced in the rescission of the contract at the time the decision was had; and by reason of a change of conditions the purchaser cannot be placed in statu quo.

PENDLETON, BUSH & BUSH and S. G. SAMPLE for appellants.

O'REAR & WILLIAMS and A. F. BYRD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

In September, 1898, J. G. Trimble sold to his son-in-law, J. Taylor Day, his old home place in Hazel Green, Kentucky, for $1,500, for which Day executed a note to Trimble, and Trimble executed to Day either a title bond or a deed for the property. Day's habits at the time were very bad. He was drinking heavily and when drunk seemed possessed with the desire to buy land. In this way he bought during that fall a large amount of land on which he paid nothing. About the first of January, his son-in-law, who had charge of his business, deeming him incompetent to manage his affairs, called a family council to determine what should be done. His father-in-law, Trimble, and his two brothers, Floyd and John Day, were in this council. It was there decided that the best thing to be done was to rescind all the land trades which Day had made; that unless this was done, he would have nothing. Pursuant to this agreement between all of them, the son-in-law, McLin delivered to Trimble the writing he had executed to Day for the house and lot in Hazel Green, and Trimble on getting home, mailed to McLin the notes which Day had executed to him with this endorsement on it: "The contract for which this note was executed having been rescinded, this

note is therefore surrendered.'' In the following April, Trimble while on a visit to his son-in-law, Day, in Hazel Green, and nearby the property referred to, made a bargain with his niece, Mrs. Lou Mize and her husband, W. O. Mize, by which he exchanged the house and lot in Hazel Green which he had taken back as above explained, for a house and lot which Mize owned in Winchester, Trimble paying Mize the difference. Day knew of this trade at the time it was made and made no objection to it. Mrs. Mize took possession of the property, her uncle having conveyed it to her; and has since held it, Taylor Day living just across the street from it and well knowing all the facts. In 1904 he accepted from his father-in-law, Trimble a deed for an adjoining property, one of the lines of which calls to run with Mrs. Mize's line. Some time thereafter Taylor Day wished to build on his lot and needed a strip of Mrs. Mize's land to give him more room. He proposed to buy it from her but she declined to sell. In the meantime Trimble, who was 86 years old, seems to have become offended with Mrs. Mize because she had not kept his old homestead in good order, but had suffered the premises to go to rack, contrary as he says, to her promise to him when he deeded it to her. On July 29, 1910, Taylor Day brought this suit in equity against Mrs. Mize and her husband and Trimble to cancel the deed which Trimble had executed to Mrs. Mize, and recover the property of her, alleging that Trimble had made him a deed for the property in September, 1898; that McLin, without authority had returned this deed to Trimble and that the title to the property was still in him, as the mere return of the deed without any writing being executed, did not divest him of title. Trimble filed an answer in which he in substance joined with Day in the relief sought. Proof was taken and on final hearing the circuit court adjudged the property to Day. Mrs. Mize and her husband appeal.

It is earnestly insisted for the appellees that Trimble made Day a deed to the property in September, 1898, and that the only way he could be divested of title was by a re-conveyance which was not made. (Jones v. Langdon, 8 R., 695; Martin v. Martin, 14 R., 769; Noble v. Noble, 30 R., 629; Rittenhouse v. Clark, 110 Ky., 147; Watters v. Wagley, 22 Am. St. Rep., 232; Brown v. Westerfield, 53 Am. St. Rep., 532). The circuit court seems to have decided the case in favor of the appellees on this ground;

but the evidence that a deed was executed is far from satisfactory. In October, 1898, and less than a month after the paper was executed, Trimble wrote to Mize this: "I have sold the land and obligated myself to make a deed of general warranty for same." Day also told a witness that he had a bond; and while both Trimble and Day now testify that a deed was made and delivered, in view of Trimble's great age and the condition of Day's habits at the time, while we have no doubt of the sincerity of their testimony, we are far from satisfied in view of all the circumstances in the case, that a deed was in fact delivered.

But passing this and not resting our judgment here, whether a deed or bond was delivered by Trimble to Day, we are satisfied that Day is estopped now to set up title in him against Mrs. Mize. It has often been held that the owner of property who stands by and sees a third person selling it under claim of title, without asserting his own title or giving the purchaser any notice of it, is estopped as against the purchaser from afterwards asserting his title. (Brothers v. Porter, 6 B. Mon., 106; Davis v. Tingle, 8 B. Mon., 539; Dale v. Crutchfield, 8 Bush, 636; Morris v. Shannon, 12 Bush, 89; Amyx v. Hurt, 68 S. W., 420). In Haycraft v. Duval, 28 R., 542, the grantee, holding by a deed which had not been recorded, procured his grantor to make a deed to another for the land; and after this asserted title to the land under the unrecorded deed claiming that he had not been divested of title by the transaction. It was held that he was estopped to set up his title. In Salyer v. Johnson, 32 R., 709, where practically the same thing was done, it was held that the grantee who was of age, was estopped by the transaction but that her infant children who were remaindermen under the unrecorded deed, were not affected. In Griffitts v. Griffitts, 119 S. W., 784, the grantee who had not recorded his deed, caused the ' grantor to make a deed to a third person; and there, as in the previous cases, it was held that he was estopped to set up a title against the purchaser. There are a number of other cases to the same effect as those above cited.

While it is true that in the case at bar Day did not procure Trimble to make the deed to Mrs. Mize, still the evidence leaves no doubt in our minds that he knew of the transaction when it took place, made no objection to it, and acquiesced in it for more than eleven years after it was made. He at no time tendered back to Trim-

ble the note which had been returned to him as cancelled; he at no time demanded a return of the deed to him by Trimble or offered to pay for the property and carry out his contract. Without making any objection, he acquiesced in the course which his father-in-law and his two brothers had decided to be the best to be done. He stood by and allowed Trimble to treat the property as his own until he traded it to Mize for his property, and then he stood by acquiescing in the transaction until Trimble had sold and conveyed the Mize property and put it out of his power to rescind his contract with Mize or place Mize *in statu quo*. After all this and when values have changed, the Hazel Green property being worth perhaps double what it was in 1898, he elects to assert a title which in 1899 and before values changed he elected not to assert. He who is silent when he ought to speak, will not be allowed to speak afterwards to the prejudice of another whom he has thus misled. Day lived just across the street from this property, and his conduct under the circumstances has necessarily misled Mize to his prejudice, if he is now allowed to assert title to the property. When Mize bought the property he was told that the contract between Trimble and Day had been rescinded. Day's acquiescence in the sale to Mize under the circumstances was sufficient to justify Mize in acting upon the information he received. After so long a delay and after values have changed Day cannot be permitted to assert title to the property whether he had received a deed or title bond from Trimble.

Judgment reversed and cause remanded for a judgment dismissing the petition.