## Austin v. Moore.

### (Decided September 17, 1920.)

### Appeal from Lawrence Circuit Court.

1. Deeds—Evidence—Finding of Chancellor.—Evidence examined and held to sustain chancellor's finding, under rule requiring clear and satisfactory proof, that at the time E. L. Moore, acting as agent for plaintiff, now his wife, purchased the land in controversy with her money and under agreement to have same conveyed to her, the grantors at his request first executed and delivered to him a deed therefor, and later at his request and upon surrender or destruction of the deed to him, executed and delivered to him a second deed in which defendant, his infant daughter, was named as grantee.

2. Deeds—Delivery—Execution of Second Deed.—Where grantors execute and deliver a valid deed to land, their title passes and a second deed executed by them to another for the same land is void.

T. S. THOMPSON and W. T. CAIN for appellant.

C. B. WHEELER and W. D. O'NEAL for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In May, 1918, the appellee, Mrs. Onolda Moore, filed this action against the appellant, Bessie Austin, and E. L. Moore, alleging that she was the owner and in possession of a certain tract of land and seeking to have her title quieted and as an incident thereto to have declared void a deed under which Bessie Austin was asserting title.

The defendant, E. L. Moore, who is the husband of the plaintiff and father of the defendant, filed a separate answer in which he acknowledged the truth of the averments of the petition charging that as agent of the plaintiff he had purchased the land with her money, and, in

violation of his trust had it conveyed first to himself and later without consideration to his daughter, Bessie Austin. Thereupon he executed and delivered to the plaintiff a deed to the land reciting therein the facts as charged in the petition. The plaintiff then filed an amended petition setting up this deed and claiming title thereunder. The defendant, Bessie Austin, in her separate answer denied the ownership and possession of plaintiff, alleging ownership 'and possession in herself, and asked that her title be quieted. Upon a trial the chancellor adjudged that the defendant's deed to the land was void and granted plaintiff the relief prayed for. From that judgment the defendant, Bessie Austin, prosecutes this appeal.

It is established by the evidence, practically without contradiction, that E. L. Moore in 1897, and more than a year before his marriage to the plaintiff, as her agent and with her money, purchased the land in controversy from Dr. David Osborne under agreement with plaintiff that he would have the deed executed to her; that Osborne delivered possession of the land to plaintiff in March, 1898, when she moved upon the land and that she has been in possession either in person or by agents and tenants since that time. At the time of the purchase from Osborne the defendant, Bessie Austin, now twenty-eight years of age, was an infant of but seven years and she admits in her testimony that she had nothing to do with the purchase, paid no part of the consideration; that her deed was recorded by her father but never delivered to her, and that she never had been in possession of the land. The chancellor further found as a fact as charged in the petition, admitted by the answer of E. L. Moore but denied by the answer of Bessie Austin, that the vendor David Osborne and his wife, at the time of purchase by Moore first executed and delivered to him a deed for the land, but later at the request of Moore and upon his surrender or destruction of the deed made to him, executed and delivered to him a second deed in which Bessie Austin, then Bessie Moore, was named as grantee. David Osborne testified positively that such are the facts and no one contradicts him. His wife, Lizzie Osborne, testified that she did not remember making but one deed, which she thought was executed to E. L. Moore; that she had no recollection of signing a deed to Bessie, but that the deed to her bears her signature.

John Laney, the officer before whom the deed to Bessie Moore was acknowledged, stated that he had no recollec-

tion of having taken the acknowledgment of Osborne and his wife to a deed to E. L. Moore for the land. Neither Dr. Osborne nor his wife, or in fact any other witness, testified that Laney was the officer before whom the deed to E. L. Moore was executed. This is all of the evidence · with reference to the execution of the deed to E. L. Moore but quite sufficient in our judgment, in view of all the attendant circumstances, to sustain the chancellor's finding that such a deed was executed and delivered, even under the approved rule requiring such a fact to be established by clear and satisfactory evidence.

It therefore results that the second deed made by Osborne and wife to Bessie Austin was and is void, since by the prior deed executed and delivered to E. L. Moore all of the legal title of the Osbornes passed to him and a subsequent destruction or surrender of the deed to the grantors did not reinvest the title in them. Nothing short of a reconveyance would have done so. Rittenhouse v. Clark, 110 Ky. 147, 61 S. W. 33; Mize v. Day, 153 Ky. 740, 156 S. W. 415; Devlin on Deeds, vol. 1, sec. 300; Tiedeman on Real Property, section 812. This conclusion renders unnecessary a discussion of other questions raised.

Judgment affirmed.