## City National Bank of Cairo, Ill. v. Anderson.

(Decided October 8, 1920.)

## Appeal from Ballard Circuit Court.

1.  Escrows—Delivery.—To create an escrow the delivery of a deed must be to a stranger.

2.  Deeds—Delivery.—A delivery of a deed to the grantee is an absolute delivery and passes title despite a verbal agreement between grantor and grantee that the deed shall be effective only upon specified conditions.

3.  Deeds—Surrender and Destruction of Deed.—The surrender of a deed to grantor and its destruction after title had passed to the grantee was insufficient to reinvest the title in grantor.

J. B. WICKLIFFE for appellant.

W. A. ANDERSON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is the third appeal in this case. The only question now involved is whether, upon facts not in dispute, the appellee, Mrs. Anderson, or her son, W. A. Anderson, was the owner of a five acre tract of land when in 1912 appellant attached same in an effort to subject it to the payment of a judgment it had procured against W. A. Anderson.

The facts are these: When the attachment was levied, W. A. Anderson was in possession and claimed to be the owner of the land. Prior thereto, on March 3, 1910, Mrs. Anderson, then the owner, had executed and delivered to him a general warranty deed for the land in consideration of $500.00 to be paid in equal installments due in one and two years, to secure which a lien was retained. At the time the deed was delivered to W. A. Anderson by Mrs. Anderson, it was verbally agreed between them that the deed should not be recorded and if grantee did not pay the purchase price when due or within a reasonable time thereafter, he would surrender the deed and the land to the grantor. No part of the purchase price was ever paid, and shortly after the attachment was levied W. A. Anderson surrendered the deed, which he had not recorded, to his mother; she returned his notes for the purchase price to him, and the deed and notes were destroyed.

It is elementary law that a delivery is essential to the validity of a deed; that no title passes in its absence

and that the intention of the parties is an essential element of the delivery. But it is also true that to create an escrow the delivery must be to a stranger, and courts uniformly hold that a delivery to the grantee is an absolute delivery and the title passes despite any agreement between them that the deed shall be effective only upon specified conditions. Upon this subject in 8 R. C. L. 983 it is said: "The simplest mode of delivering a deed is by manual transfer of it by the grantor to the grantee, with the intention of relinquishing all control over the instrument and of passing title to the property. This delivery is defined as 'absolute delivery' and undoubtedly it constitutes a consummation of the deed. . . . Furthermore, the effect of a direct delivery to the grantee cannot be obviated by the intention of the parties that it shall operate merely as an escrow or take effect only upon specified contingencies, the intervention of a third person being absolutely essential to the accomplishment of such a purpose; certainly the delivery is sufficient after the happening of the contingency. This is one of the instances in which the law fails to give effect to the honest intention of the parties, for the reason that they have not adopted the proper legal means of accomplishing their object. Therefore, the legal effect of such delivery is not altered by the fact that both parties suppose that the deed will not take effect until recorded and that it may be revoked at any time before record, or by contemporaneous agreements looking to the reconveyance of the property to the grantor or to a third party upon the happening of certain contingent events or the non-performance of certain conditions."

It therefore results that the title to the land vested in W. A. Anderson on March 3, 1910, when Mrs. Anderson delivered the deed to him and the title was in him when the attachment was levied; but as no part of the purchase money has ever been paid, Mrs. Anderson has a superior lien upon the land to secure same with interest, and the court should have so adjudged.

It is also insisted for appellee that even if she lost title by the deed, she recovered it when the deed, without having been recorded, was surrendered to her and destroyed; and free of lien because of appellant's failure to supersede the first judgment herein denying its asserted lien, or to perfect, within the time allowed by law, the appeal granted to it by the lower court from that judgment.

A surrender of the deed to the grantor and its destruction after the title had passed to the grantee was insufficient to reinvest the title in grantor. Nothing short of a reconveyance can accomplish this result, as was recently decided by this court in Bessie Austin v. Onolda Moore, 188 Ky. 832, upon authorities there cited. See also notes on this subject in 18 L. R. A. (N. S.) 1167; 34 L. R. A. (N. S.) 495, and L. R. A. 1918F 402.

It is true that upon the first trial of this case the appellant was denied in the lower court a lien upon this tract of land, and that it did not supersede that judgment or perfect the appeal granted by the lower court, but it did prosecute an appeal granted by the clerk of this court from that judgment within the time allowed by law and procured a reversal thereof, wherein it was held that appellant had a lien upon the land by reason of its attachment. See 182 Ky. 76.

Whether or not the *lis pendens* was lost by appellant's failure to supersede the first judgment herein and perfect the appeal therefrom granted by the lower court is not an open question is this case since W. A. Anderson, who owns the land, did not appeal from the second judgment which expressly decided that question against him, and Mrs. Anderson's superior lien on the land, her only interest therein is not affected thereby.

Wherefore the judgment is reversed for proceedings consistent herewith.