## Deboe, et al. v. Brown.

(Decided March 16, 1923.)

### Appeal from Caldwell Circuit Court.

1. Husband and Wife—Evidence Held to Show Wife Paid for Property, and Title Was Taken in Husband's Name Without Her Consent.—In a suit to subject to the payment of plaintiff's debt a

house and lot conveyed jointly to a husband and wife, evidence held to show that the property was paid for entirely from the wife's funds, derived by taking in roomers, or from the sale of her interest in property previously standing in her husband's name, and that title to the property so purchased was taken in the joint names of her husband and herself, without her knowledge or consent.

2.   Trusts—Evidence to Establish Resulting Trust Must be Clear and Convincing.—Under Ky. Stats., 1922, section 2353, providing that a trust shall not result where a deed is made to one person and consideration paid by another, unless the grantee took a deed in his own name without the consent of the person paying the consideration, the evidence to establish a resulting trust may be by parol, but it must be clear and convincing, and, if wholly by parol, should be received with great caution, especially to raise a trust between husband and wife.

3.   Evidence—Uncontradicted Evidence of Husband and Wife Established Resulting Trust Cannot be Disregarded.—The uncontradicted evidence of the husband and wife that the consideration was paid by the wife and the property taken in their joint names, without the wife's knowledge and consent, though to be received with caution, cannot be entirely disregarded.

4.   Husband and Wife.—Whether Wife's Equity From Which Funds Were Derived to Pay for Property in Question was Subject to Husband's Debts Held Immaterial.—Where the testimony of a husband and wife was uncontradicted that the property in question was paid for solely by the wife's funds, and title taken in their joint names without the wife's knowledge or consent, it was immaterial whether the wife's interest in property previously standing in her husband's name, from the proceeds of which she derived part of the purchase price of the property in controversy, was subject to her husband's debts because there was no evidence that she did not consent to the title to that property being taken in his name, especially where the debt due plaintiff was contracted before the previous property was purchased, so that no reliance was placed on the husband's apparent title thereto.

R. W. LISANBY and ALVIN LISANBY for appellants.

JOHN G. MILLER and ALBERT MORSE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellee procured a judgment against appellant W. H. Deboe, for $150.00 with interest from November 3, 1916, and $10.25 cost, upon which execution was issued and returned, "No property found." Thereafter he instituted this action in equity against Deboe and his wife, N. J. Deboe, to subject to the payment of his judgment a house and lot in Princeton, Kentucky, which had been

conveyed jointly to the defendants after the rendition of his judgment, alleging that W. H. Deboe was the sole owner thereof and had caused a half interest therein to be conveyed to his wife for the fraudulent purpose of avoiding payment of plaintiff's judgment against him.

By separate answers defendants traversed the allegations of the petition with reference to the house and lot, and alleged that N. J. Deboe was the sole owner thereof; that W. H. Deboe had purchased same for her as her agent, with her means, and a half interest therein was conveyed to him without her knowledge or consent, and by mistake that was not discovered by either of them until after this action was begun.

These pleas were traversed by reply, and upon a trial, the chancellor rendered judgment for plaintiff, and the defendants have appealed.

Both defendants testified that the Princeton property was purchased with the proceeds of the sale of a house and lot in Eddyville, which had been paid for exclusively with her money, but which was conveyed to him. The checks given by her to the grantor for the full amount of the consideration for this property were produced, identified and filed with their depositions. She also explained fully how she had earned and saved most of this money, by renting furnished rooms by the night or week for many years, during which time her husband was engaged in operating a restaurant in Princeton or Eddyville; and she further testified that the rest of the money used in purchasing the Eddyville property was her half of the proceeds of a farm that she and her husband jointly paid for and sold many years before.

In all of this she is fully corroborated by her husband, and no one contradicts any of this evidence, nor were any exceptions filed thereto.

The only facts in the record the least inconsistent with her claim that she is the real and sole owner of the Princeton property, are that the farm and Eddyville property were conveyed to W. H. Deboe alone, and the Princeton property to him and her jointly, but her explanation of these facts, consistently with her claim of ownership of the Princeton property, is not contradicted by anyone.

It is true that plaintiff's judgment is for a debt that was created even before the farm was conveyed to W.

H. Deboe, but it was purchased wholly on credit when he had no money or property other than a team and a few farming utensils, and no one contradicts her statement that "Half of it was mine and half his'n," when they sold it after it had been paid for by their joint efforts, and divided the proceeds equally.

In our judgment this evidence not only refutes the contention of plaintiff that the whole property equitably belonged to the husband, but sustains the contrary contention of the defendants that she paid the entire consideration therefor, and did not consent to the conveyance of any part of same to him, or know thereof until after this suit was filed.

Section 2353 Kentucky Statutes provides that

"When a deed shall be made to one person and the consideration shall be paid by another, no use or trust shall result in favor of the latter, but this shall not extend to any case in which the grantee shall have taken a deed in his own name without the consent of the person paying the consideration, or where the grantee, in violation of some trust, shall have purchased the lands deeded with the effects of another person."

In construing this statute, we frequently have held that the evidence to establish such a resulting trust may be by parol, but it must be clear and convincing; and if wholly by parol, it should be received with great caution, especially to raise a trust between husband and wife. May v. May, 161 Ky. 114, 170 S. W. 537; Deavers-Kennedy Co. v. Cooper, 189 Ky. 366, 224 S. W. 1053; Lacey v. Layne, 190 Ky. 667, 228 S. W. 1.

It is earnestly insisted by counsel for appellee that under this rule the evidence here does not even approach the character of evidence required to raise a trust in behalf of the wife against her husband's creditors, as was said of the evidence in the Deavers-Kennedy case, *supra*. But the facts of that case were very different from those proven here, since there the wife's alleged equity in property conveyed to her husband was denied, after assuming that her evidence was sufficient to prove that her money had paid for a part of the property, and she had not consented that same be conveyed to her husband, upon the ground that she had not shown that her money paid for the husband's half interest there involved, or that she had not been repaid the amount she contributed to the purchase of same out of the proceeds

of sale of a part thereof for a sum in excess of her contribution towards its purchase price.

Here there is no contradiction whatever of the testimony of the defendants that the wife's money paid the entire consideration for the whole of the property sought to be subjected and that she did not consent to any part of same being conveyed to him.

Surely it cannot be justly said that the uncontradicted evidence of the husband and wife, jointly sued, is less than clear and convincing proof of the facts their evidence establishes, when as seems to be the case here, they are the only persons having knowledge of the facts, even though their evidence must be received with great caution. Obviously that rule does not mean their evidence shall be entirely disregarded, even though not contradicted or excepted to.

The facts thus established are, that Mrs. Deboe paid the entire consideration for the property sought to be subjected to plaintiff's judgment, and that she did not consent that any interest therein should be conveyed to her husband.

The only basis for a denial of the truth of their testimony on these essentials, is that the deeds to the farm and the Eddyville property were made to the husband, and the absence of evidence that the wife did not consent thereto. The question, however, is not whether or not she would have had a superior equity in either of those properties had there been an attempt to subject either to the payment of her husband's debts, but whether or not she has such an equity in the later acquired Princeton property, as against her husband's creditor whose debt was created before defendants acquired any of the property or the means that paid therefor.

Stated otherwise, can Mrs. Deboe, under the circumstances and the pleadings, have a better or different equity in the Princeton property bought with the proceeds of the Eddyville property, than she is here shown to have had in the latter? We think she can and did, since under the statute her equity depends upon two things, only one of which was shown to be present in reference to the Eddyville property, while both were established without contradiction in relation to the Princeton property.

That her money paid for both is clearly established, and that her husband was named as a grantee in the

latter .deed without her consent is likewise clearly established, and under the statute she had an equity therein whether she may have had. one or not in the Eddyville property, a question not presented by the pleadings.

It possibly would be different if the husband's debt had been created upon the faith of his apparent title to the Eddyville property while he held deed thereto, but such is not the case. It was created before the husband held title to any of the property involved, and before the wife obtained the money with which she paid for same, and the pleadings raise no issue as to the title to any but the Princeton property sought to be subjected.

It therefore seems immaterial whether or not the husband held title to the Eddyville lot as constructive trustee for his wife in determining whether or not she had such an equity in the Princeton property, except as that fact considered as evidence may bear upon the questions raised by the pleadings of whether her money paid for the property sought to be subjected, and whether she consented to the deed being made to her husband for a part thereof; and we feel sure that upon those questions it should be given but little weight, and is not sufficient to render the positive and otherwise uncontradicted evidence of the husband and wife, supported by her checks, less than clear and convincing that she paid for the Princeton property exclusively with her own means, and did not consent to a conveyance of any part thereof to her husband.

Wherefore the judgment is reversed, with directions to dismiss the petition.