## Million, et al. v. Johnson, et al.

(Decided June 9, 1922.)

### Appeal from Mercer Circuit Court.

1. Appeal and Error—Finding of Chancellor—Delivery of Deed—Evidence.—Evidence examined and held to sustain finding of the chancellor that a deed delivered by the grantor to a third party and not in the presence of the grantee, was delivered subject to his right of recall and that the same was not delivered to the grantees or in escrow.

2. Pleading—Amendments—Discretion.—The trial court has a broad discretion under section 134 of the Code in permitting pleadings to be amended at any time and in the furtherance of justice, and his action in admitting or rejecting same will not be disturbed on appeal unless there has been a manifest abuse of discretion.

3. Pleading—Amendments—Discretion.—The court did not abuse such discretion in permitting the defendant to withdraw a portion of his answer and amend same so as to conform to the proof without substantially changing the defense, even if the matter withdrawn was an admission against interest, where it appeared from the record that same was made under a misapprehension of the facts and the adverse party was allowed a reasonable time to meet by pleadings and proof the issue as finally tendered.

J. F. VANARSDALL and R. L. BLACK for appellants.

E. H. GAITHER for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On November 21st, 1917, J. M. Johnson, then 82 years of age, executed and delivered to the appellees, Arnold Johnson, his son, and Laura Johnson, the latter's wife, a

joint deed of general warranty for the fifty acres of land involved herein, in consideration of appellees' agreement to furnish him a home, necessary food, clothing and medical attention so long as he lived, a decent burial at death and the payment of all of his debts, including a note of $270.00 due John E. Simms. Appellees took possession of the farm and performed their every obligation under the deed, the said J. M. Johnson having died on July 27th, 1918.

Thereafter, in April, 1919, the appellants, Leeilah Million, who is the daughter of J. M. Johnson, and her husband, Elba Million, instituted this action against the appellees, seeking a cancellation of the above deed from J. M. Johnson, and to have the land adjudged to belong to them under a deed which they alleged was executed to them on January 13th, 1917, by J. M. Johnson in consideration of $3,000.00 to be paid to his heirs after his death; that same was "By agreement of parties thereto delivered to one Worley Graham as agent of both parties" to be delivered by him to the county clerk for record upon the death of the grantor; that they accepted and Graham delivered the deed to the county clerk, but that Johnson, without their consent, thereafter fraudulently procured possession of same and destroyed it and then executed the deed to appellees. They also sought damages for the alleged wrongful detention of the land by appellees.

The appellees, after traversing the allegations of the petition, in a fourth paragraph of their answer admitted the execution of a deed by J. M. Johnson in January, 1917, to the appellant Elba Million in consideration of $3,000.00 to be paid after the death of the grantor to his heirs, and that same was "delivered to Worley Graham to hold for both parties until the death of J. M. Johnson, the grantor, when it was to be delivered to plaintiff upon the payment of said money to the heirs of the grantor, and that said Graham did deliver said deed to the clerk of Mercer county to hold until said event, but they say that the said deed was never delivered to the plaintiff, or to anyone for him;" that plaintiff thereafter "voluntarily cancelled said contract and directed the delivery of the deed to the deceased, and authorized the destruction thereof."

They further allege in this paragraph that they have placed valuable improvements on the land, paid off a mortgage thereon, paid the burial expenses of J. M. John-

son and rendered services to him before his death, as provided in the deed, and ask that they be reimbursed for these expenses and services in the event the deed to them should be cancelled.

Appellants filed a reply denying these alleged expenditures and services by appellees, or that the appellants, or either of them, "voluntarily, or otherwise, cancelled said contract or directed the delivery of the deed to the deceased, or authorized the destruction thereof." They did not deny, however, the allegation of the fourth paragraph of the answer that the deed executed by J. M. Johnson in January, 1907, was made to Elba Million alone rather than to him and his wife jointly, as alleged in their petition, nor did they deny the allegations of this paragraph of the answer as to the agreement under which it was delivered to Graham.

After proof had been taken, appellees were permitted, over the objections and exceptions of appellants, to withdraw the fourth paragraph of their answer and to file an amended answer to conform with the proof, in which they alleged "that under the dictation of the plaintiffs, and not in the presence of the deceased, J. M. Johnson, a deed was drawn by one Worley Graham and presented to the deceased for signature; that the deceased did sign the same, not in the presence of the plaintiffs, and left the same with the said Graham to be held subject to the order of the deceased; that the deceased did, in writing, direct the return of the deed to himself for cancellation; that the custodian of the same (the county clerk) having no knowledge of the conditions upon which said deed was stored in his safe, refused to deliver it without the consent of the plaintiffs; that the plaintiffs thereupon directed the said custodian to deliver said deed to said Johnson only upon the order of the plaintiff Eb Million; that the said Eb Million thereupon, with the full knowledge of the plaintiff Leeilah Million, and in her presence, did direct the delivery of the said deed to the deceased, who destroyed the same; that at no time after making and acknowledgment of said deed was it ever delivered to or in the possession of the plaintiffs; that the plaintiffs had full knowledge of the delivery of said deed by said custodian to the deceased and of the destruction thereof by the deceased, and of the fact that the deceased had made to the defendants a deed to the said property, and that they remained silent during the lifetime of the deceased on said subject and acquiesced in

the action of the deceased in the destruction of said deed and the mortgaging of said property, of which mortgage they had full knowledge and information, and of the conveyance of the said land to the defendants, and that by reason of said facts they are estopped from denying the validity of the said deed and from asserting any claim to the said property.''

No further proof was taken, and at the second term of the court thereafter, appellants filed a reply traversing the allegations of the amended answer. The case was then submitted without objection, resulting in a judgment dismissing the petition.

For reversal appellants contend:

1.   That the judgment is not sustained by the evidence.

2.   That the court committed prejudicial error in permitting appellees to withdraw the fourth paragraph of their original answer and to file an amended answer.

1.   The court sustained exceptions to the depositions of appellees in so far as same related to conversations with or transactions by the deceased, J. M. Johnson, and in so doing the court did not err, since clearly such testimony was incompetent under section 606 of the Civil Code.

With this evidence out, there was no testimony whatever, except that of Worley Graham, as to the conditions under which the deed was delivered to him by the grantor, and he states that Mr. Johnson, after he had signed and acknowledged the deed, gave it to him with directions to deliver same to the county clerk, and ''for him to keep it unless he called for it, just to keep it safe for him.''

Neither of appellants was present at the time, and this being all of the competent evidence as to the nature and conditions of the delivery, it is clear there was not sufficient proof to show a delivery in escrow. As appellants did not prove and do not claim that there was ever any other delivery of this deed by the grantor except to Graham, it is clear that upon the proof the court did not err in holding that appellees failed to prove such delivery as would divest the grantor of his title, hence same never vested in them.

2.   Unless, therefore, the court erred to appellants' prejudice in permitting appellees to withdraw the fourth paragraph of their original answer and file amended answer, the judgment must be affirmed.

By reason of section 134 of the Code, a broad discretion is lodged in the trial court in the matter of filing amended pleadings, and his action in admitting or rejecting same will not be disturbed on appeal unless there has been a manifest abuse of discretion. See Foxwell v. Justice, 191 Ky. 749, 231 S. W. 509, and cases cited therein.

The above mentioned section expressly authorizes the court at any time in the furtherance of justice, and upon such terms as may be proper, to cause or permit a pleading to be amended so as to conform the pleadings to the facts proved, "if the amendments do not change substantially the claim or defense."

The right to amend necessarily carries with it the right to withdraw and restate or add to what has already been pleaded, or as said in Newman's Pleading and Practice, section 603, "Leave to amend in any case is a virtual withdrawal of the whole pleading, and the party may amend his petition, answer or reply by a new one in its stead, or may amend by making additional allegations to the original pleadings, but the pleading as amended will be regarded as a new one."

Hence it follows that the right to amend often involves and may depend upon the right of the party to withdraw pleadings already filed by him, and appellants' real complaint here is of the permission to withdraw the fourth paragraph of the original answer rather than the filing of the amendment. It is their contention that this paragraph states facts showing that the deed to them, which they seek to establish, was delivered by the grantor to Graham for them in escrow and is therefore a confession that the title irrevocably passed from J. M. Johnson to them.

We readily concede that a delivery in escrow may be sufficient to pass title, and it is also well settled in this state at least that once the title has vested in the grantee, the destruction of the deed thereafter, even by consent of the parties, is insufficient to reinvest the title in the grantor. Austin v. Moore, 188 Ky. 832, 224 S. W. 467; City National Bank v. Anderson, 189 Ky. 487, 225 S. W. 361; Slater v. Hatfield, 195 Ky. 281.

But even if we might concede that the delivery to Graham upon the conditions set forth in the original answer was a delivery in escrow and sufficient *eo instanti* to divest Johnson of his title to the land, which is not true in our judgment, this deed as alleged by appellees was

not to appellants jointly as pleaded by them, but to Elba Million alone, who consented to its redelivery to and destruction by Johnson before the fulfillment of the conditions upon which it was to be delivered to him. Since the proof conclusively established the fact that that deed, whatever the conditions of its delivery to Graham, was made to appellants jointly, and as no one claims that appellees were present at the time of the delivery or had first-hand information with reference thereto, it is manifest from the record that they were pleading in their original answer the facts as they then understood them, and that their then understanding of the facts was inaccurate.

They were, in their original answer just as in their amended answer, contending that the deed which J. M. Johnson executed in January, 1917, did not, as claimed by appellants, divest him of his title to the land, for the sole reason that there had never been a delivery or acceptance of same. Whether this was true or not was at all times the single question at issue between the parties.

Obviously appellants did not consider the allegations of the original answer as a confession of a valid delivery in escrow or otherwise, since they did not file a demurrer thereto but proceeded to take proof in an effort to establish such a delivery. Hence the privilege granted to appellees to withdraw and amend did not substantially change their defense, as same was understood and treated by all parties.

In their efforts to prove a valid delivery, appellants failed, as we have already shown, and their only hope for reversal of the judgment and a recovery of the land is based upon the fact that appellees at one stage of the proceedings admitted a valid delivery which they later denied, and which appellants did not and presumably could not prove.

The very purpose of permitting amendments, as set out in section 134, *supra,* is the furtherance of justice. Surely then if the appellees in attempting to plead the facts with reference to a transaction of which they had no first-hand knowledge, made a mistake even against interest, the court in furtherance of justice ought to have permitted them to correct it, provided in so doing appellants were given an opportunity to meet by pleading and proof the issue as finally tendered by their adversaries.

They had nearly six months and two terms of court in which to offer additional proof before the submission, but

without doing so they traversed the amended answer, and the case was submitted without objection or request for further time; nor did they even offer to introduce in evidence the original answer as an admission against interest, as they could have done and which would have given appellees an opportunity to explain more fully how they came to make it.

The reason they did not pursue this course is doubtless due to the fact that the evidence already taken in the case sufficiently proved that it was due to a mistaken understanding of the true facts. In support of their contention, appellants cite only Downing v. Bacon, 7 Bush 680, in which this court, after reversing the judgment for another reason, held that the trial court erred in refusing an amended answer offered by the defendant, in which he sought to withdraw a statement made in his original answer that on a certain date he was a member of the firm whose debt was involved in the action, which rendered him liable if true, and to enter a denial that he was a member of the firm on said date which if true relieved him of liability.

The only difference between the two cases is that there the defendant explained how he came to misstate a fact within his own knowledge, while here the defendants did not offer any explanation of how they came to misstate a fact which was not within their personal knowledge.

The court in passing upon the question in that case said: ''It seems to us that under the liberal provisions of section 161 (now 134) of the Civil Code of Practice, it would have been proper to allow the amendment to be filed, especially so in view of the facts disclosed on the trial.''

It was therefore not alone upon the strength of the explanation offered by the defendant that the former statement was mistakenly made, but from the proof in the case as well.

Since the proof here shows quite conclusively that the statements of the original answer were mistakenly made and without personal knowledge of the facts, and since appellants were given ample opportunity to meet the issue as finally formed, we do not think the court abused a sound discretion in permitting the withdrawal of the original answer, regardless of its import.

Wherefore the judgment is affirmed.