Raymond T. PRICE, Mary Martin and
Ruth Warren, Appellants,

v.

Stanley PIKE and his Wife, Gracie V. Pike,
Appellees.

Court of Appeals of Kentucky.

Oct. 2, 1970.

Clyde Williams, Jr., Fred Faulkner, Jr., Campbellsville, for appellants.

Robert M. Spragens, Lebanon, for appellees.

VANCE, Commissioner.

This is an action to set aside a deed of conveyance upon the ground that the grantor lacked mental capacity to execute the deed and that its execution was procured through the use of undue influence. The Chancellor held that the grantor had sufficient mental capacity to execute the deed and that the evidence did not warrant a conclusion that the grantor was subjected to any undue influence. From a judgment dismissing the action the appellants have prosecuted this appeal.

The material facts are: On May 5, 1958 W. E. Price, hereinafter called grantor, conveyed a 100-acre-farm to his niece, Gracie V. Pike, and her husband, Stanley Pike. The consideration stated in the deed of conveyance was:

"* * * FOR AND IN CONSIDERATION of One Dollar cash in hand paid, and the further consideration of the services rendered by the Grantees to the

Grantor in taking care of him, furnishing a home, and attending to his personal needs for the eight year period last past, and the further consideration of the promise and obligation of the Grantees to the Grantor to continue to take care of him, furnish him a home, and attend to his personal needs for so long as he shall live; and the further consideration of the promise and obligation of the Grantees to pay the funeral and burial expenses of the Grantor at his death in the event that his personal estate is insufficient to pay same after the payment of all his just debts; * * *."

W. E. Price died in 1966. In 1947 he executed a will under which the appellants would have received at his death an interest in the 100-acre-farm if he had owned the farm at the time of his death. Hence, the effort by appellants to set aside the conveyance of the farm.

The appellants are the children of a deceased brother of the grantor and the appellee, Gracie Pike, is the child of a deceased sister of grantor. The appellants lived in the home of the grantor from the days of their early childhood until they reached adult status and moved away for various reasons. After the death of their father and until the time they moved away from his household the grantor had provided the necessities of life for the appellants.

The appellee, Gracie Pike, likewise lived in the home of grantor most of her life. She married in 1949 and she and her husband then made their home with the grantor until 1954 at which time they built a home upon a tract of land adjoining grantor's farm.

The grantor was never married and during much of her life the appellee did the housekeeping and cooking for the grantor. Even when the appellee and her husband moved into their own home, the grantor came to their house three times a day for his meals and the appellee, Gracie Pike, went regularly to his home to do his cleaning and laundry. In 1960 the grantor moved into the Pike's home and lived with them until the time of his death in 1966.

There was testimony which indicated that the grantor grew progressively senile in his latter years, that he was substantially dependent upon the appellees to provide for his physical needs and comfort, that the appellee, Stanley Pike, was given authority to, and did in fact, withdraw funds from the grantor's personal bank account for the grantor's use and that there was a close relationship between grantor and the appellees.

Upon this appeal the appellants insist (1) that the evidence compels a finding that a "confidential relationship" existed between the grantor and the appellees at the time this conveyance was made, (2) that the existence of the "confidential relationship" placed a burden upon appellees to demonstrate that the conveyance was free from fraud or undue influence and was fair and equitable under the circumstances and (3) that the evidence of the appellees failed to sustain this burden.

The trial court did not make any specific finding as to whether or not the relationship between grantor and the appellees was such as to bring it within the "confidential relationship" doctrine approved by this court in Hightower v. Hightower, Ky., 346 S.W.2d 748 (1961), and the cases cited therein. The Chancellor did find however, that there was no evidence which would warrant a conclusion that the grantor lacked mental capacity or that the execution of the deed was procured by undue influence.

No motion was made by the appellants requesting the trial court to amend its findings and conclusions to include a specific finding on the existence of a "confidential relationship." CR 52.02.

■ Even if it be considered for the purpose of argument, without expressly so

deciding, that the evidence in this case is sufficient to establish a "confidential relationship," we feel that the evidence offered by appellees is sufficient to demonstrate that the transaction was fair and equitable under the prevailing circumstances and to support the Chancellor's conclusion that the grantor was not subjected to undue influence. The testimony of the appellee and several disinterested witnesses offered by them establishes that the grantor was a well educated man, respected in his community and possessed of good business judgment. Though he did become infirm and perhaps senile during the last few years of his life, the evidence on the whole establishes that at the time of the conveyance in question, the grantor was mentally alert and physically active; that the appellees looked after and provided for the grantor in a suitable fashion and adequately fulfilled all of the terms of the consideration for the transfer as shown in the deed of conveyance; that the grantor had expressed to distinterested witnesses his intention to give the farm to the appellees and let them take care of him; that the execution of the deed was not discussed between the grantor and the appellees prior to its execution and that the appellees had no knowledge of the existence of the deed until it was delivered to them by the grantor.

The power reposed in courts to set aside instruments of this nature is an extraordinary one and is not to be lightly exercised. Lacy v. Layne, 190 Ky. 667, 228 S.W. 1 (1921). The findings and conclusions of the Chancellor may not be disturbed by this court unless clearly erroneous. Gearheart v. Gearheart, Ky., 430 S.W.2d 319 (1968).

The record in this case does not furnish any basis to challenge the correctness of the decision of the trial court.

The judgment is affirmed.

All concur.