## Travis v. Saunders.

(Decided April 24, 1923.)

### Appeal from Simpson Circuit Court.

Acknowledgment—Unacknowledged Deed is Valid Between Parties and Their Grantees.—The fact that a deed was not acknowledged by one of the grantors, though it prevents recording of the deed, does not affect its validity as between the parties to the deed and their grantees.

C. B. MOORE for appellant.

WHITESIDES & BRADSHAW for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

Appellant and the female appellee, Maud T. Saunders, are the only heirs at law of Mrs. Bettie Travis, deceased.

Appellant brought this equitable action against his sister for the sale of a certain house and lot in Franklin, Simpson county, Kentucky, alleging that his mother died intestate, the owner and in possession of same, upon the theory that a certain instrument signed by her and her husband in their lifetime, which was in form and expression a conveyance of the same to Mrs. Saunders, was void because the certificate of the notary public shows only that the instrument was acknowledged by Mrs. Travis and fails to show an acknowledgment by her husband.

Mrs. Travis died in 1916; her husband had died in 1913, but the instrument in question had been signed by them in 1911.

The whole theory of appellant is that the instrument was void under our statute, and therefore passed no title because the husband did not join in the conveyance with his wife by acknowledging the same. The lower court dismissed his petition, and he has appealed.

Similar questions have often been made in this state, and without exception it has been held that such instruments are valid as between the parties and those claiming under them, although they may not be recordable instruments under our statute. In the early case of Fitzhugh v. Croghan, 2 J. J. Mar. 429, this court, in an opinion by Chief Justice Robertson, upheld the validity of an instrument not properly attested as then required by statute, so as to make the same recordable, and said:

"These requisitions were made for the benefit of innocent purchasers and creditors alone, and that without the required attestation, or recording the deed, if otherwise good, would pass the title, as between the parties to it. The three witnesses were necessary only to prove the deed for recording. The recording was necessary only to secure the title against subsequent creditors and purchasers; and therefore, between the vendor and vendee, the title was not affected by an omission to record the deed, or to obtain the attestation of three witnesses, who were required only to prove the execution, in order to record it."

Following that opinion and referring to it, this court, in the case of Shoptaw v. Ridgeway's Administrator, 22 R. 1495, said:

"A deed ample in form and expression, duly signed and delivered by the grantor, and accepted by the grantee, is effectual as between them, and those claiming under them, to pass the legal title to the land."

In the case of Burton-Whayne Co. v. Farmers & Drovers Bank, 130 Ky. 389, following this line of authority, the court held that a deed to which the acknowledgment was not in proper form was good as between the parties, and in connection with the grantee's possession thereunder was notice to the world of his ownership, citing the case of Simpson v. Loving, 3 Bush 458 (96 Am. Dec. 252).

This court in the more recent case of Ferrell v. Childress, 172 Ky. 760, held that an instrument which was in form and expression a deed, duly signed and delivered by the grantor and accepted by the grantee, although never acknowledged at all, was a valid and binding instrument as between the parties and passed the legal title of the grantor although it was not a recordable instrument, but that the recording of same imputed no notice to strangers.

At the time of the signing of the instrument in this case by Mrs. Travis and her husband she placed Mrs. Saunders in possession of the property, and there then passed to Mrs. Saunders the legal title to the property which was good as against the vendor, Mrs. Travis, and all those claiming through or under her, including appellant.

The lower court took this view and dismissed the petition, and that judgment is affirmed.