## Brewer v. Lee et al.

(Decided Feb. 13, 1934.)

CHARLES B. SPICER for appellant.

F. L. HUFF for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

This is a suit to quiet title to a half acre of land of little value. Each party asked that his title be quieted. Mary Kelly is the common grantor.

We first state the brief course of the title of the plaintiff, now appellee Charles Lee. In 1922 or 1923, Mary Kelly deeded the parcel to Floyd Creech. He built a small house on the land and resided there with his wife until their separation, which he says occurred in October, 1927. She testified it occurred in October, 1928. It appears to have been after the separation— whether a year or a few days we are unable to tell— that Creech sold the property to Charles Lee for $140. Instead of executing a deed himself, he got his grantor, Mary Kelly, to make another deed direct to Lee and it was delivered to him. Creech's deed had been lost or destroyed without being recorded. The new deed is dated October 18, 1928, and was lodged for record December 26, 1928. Upon receipt of the deed and payment of the purchase price, Lee took possession through a tenant. He knew that Mary Kelly had conveyed the property to Creech and knew that Creech and his wife were separated. He paid the 1928 and subsequent taxes. Creech testified that this transaction occurred five or six months after the divorce had been granted.

The title of the appellant, Mrs. Ruth Brewer, is equally as short, and the evidence concerning it is too brief to enable the court to know just what the circumstances are. A copy of her deed was not filed and we have only the testimony that she bought the property at a sale held by the master commissioner in the Creech divorce suit on August 18, 1930, and that she paid $120.10 in cash for the property. She knew that the Creeches had lived on the property for several years and that he had gotten it from Mary Kelly. After her bid had been accepted, she learned about Creech's "old burnt up deed," but was told that it was no good. It appears that on the day of sale Lee advised Mrs. Brewer's son that he owned the place and they consulted a lawyer who expressed the opinion that Lee's title was not good. As this attorney remembered, he had discussed with Lee the fact that Creech's wife was claiming the property, and he testified that he thought it had been agreed between the Creeches to sell the property in order to pay the costs of the divorce suit.

This is the entire record. It was charged in the answer of Mrs. Brewer that the deed to Lee had been made for the purpose of defrauding Creech's wife in the collection of alimony and that Lee had knowledge of the fraudulent scheme. This was traversed. There is no evidence whatever on this point. And it is said in appellant's brief that the sale was made under an attachment and judgment in the divorce suit. For this there is neither pleading nor proof. The recitation of the evidence shows the meagerness of the record as it pertains to the separation and divorce, and that facts material to the case were not presented. What little we have is incompetent, contradictory, and confusing. It may be that some equity of the wife had vested through an attachment which was anterior to Lee's purchase and that it passed to Mrs. Brewer. But the burden was upon her to establish it and this was not undertaken. She consummated her purchase at the judicial sale with full knowledge of the situation and succeeded only to whatever right and title Creech had in the property. Wallace v. Lackey, 173 Ky. 140, 190 S. W. 709, 712.

It is true that the unrecorded deed to Creech was valid not only as to the parties but to Lee and all others who had notice of it. Virginia Iron, Coal & Coke Co. v. Combs, 186 Ky. 261, 216 S. W. 846. It is also true that the destruction of the deed to Creech without being recorded did not reinvest title in Mary Kelly and that she had nothing to convey when she made the deed to Lee. Austin v. Moore, 188 Ky. 832, 224 S. W. 467; Holcomb v. Holcomb, 243 Ky. 755, 49 S. W. (2d) 1002; Devlin on Deeds, sec. 300. However, there enters into this case another principle. The inquiry is whether Creech himself could have questioned Lee's rights in the property thus obtained, for, as stated, Mrs. Brewer stands in his place. We think this case must be ruled by Bogard v. Hindman, 145 Ky. 11, 139 S. W. 1058. There Hindman bought land from Utterback and received the deed for it. During the following year he took his deed, which had not been recorded, back to Utterback and had him make another deed to his daughter, Joan Hindman, because, as he reported, his creditors were bothering him. This second deed was recorded soon afterward. Hindman and his daughter lived on the place for many years and until his death. Eight years after he died, Joan Hindman conveyed the property to Bogard. Thereafter an heir of Hindman sued to obtain her share in the

property as such heir. In denying her claim, the court wrote:

> "The testimony shows that the deed to the father had never been recorded and that he still held it. He had the power to abandon his claim to the land, to destroy the deed made to him, and direct one made to another. This was in fraud of his creditors, and they, within the proper time, could have defeated the purpose of Hindman; but it was binding by estoppel in so far as he was concerned, and, of course, the children occupy no better position than he did—they took only such rights upon his death as he had. This is so well settled it is not necessary to cite authorities. * * * The testimony also shows that D. B. Bogard was an innocent purchaser, and the lower court was right in not disturbing him."

Such is the situation in the case at bar, except that Lee is not an innocent purchaser, as was Bogard. But neither is Mrs. Brewer. It would seem in such a situation that the maxim that in a contest between equities that which is prior in time must prevail is applicable. Lee had paid for the land and had his deed recorded for nearly two years when Mrs. Brewer bought the same property, with both actual and constructive notice of Lee's claims. We concur in the chancellor's conclusion that Lee's title should be quieted.

Wherefore the judgment is affirmed.