### Smith v. Feltner et al.

(Decided Nov. 13, 1934.)

326

I. A. BOWLES and CLARK PRATT for appellant.

M. K. EBLEN and C. W. NAPIER for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

In June, 1929, Dan Smith entered into a contract and agreement with Shade Feltner and Martha Feltner,

husband and wife, under the terms of which he agreed to convey to the Feltners a tract of land containing approximately 10 acres, to assume payment of a note for $64 which the Feltners owed another party, and to assume the payment of $14.44 taxes against a tract of about 20 acres of land owned by the Feltners. In consideration of such conveyance and the assumption of the note and taxes, the Feltners agreed to convey to him the 20 acres owned by them.

Deeds of general warranty were executed in conformity with the agreement and were acknowledged by the grantors before a deputy county court clerk of Perry county in which the lands were situated. The deed made by Dan Smith was delivered to the Feltners and the deed which they made to Smith was delivered to him. He immediately delivered it to the deputy clerk who took the acknowledgment to be recorded, paying to the deputy the necessary recording fee. For some reason the Feltners became dissatisfied about the transaction, and in a day or so Mrs. Feltner went to the home of William Smith, the deputy clerk, to whom Smith had delivered the deed, and failing to find Mr. Smith at home, asked his wife if he had left the deed. Mrs. Smith replied that she knew nothing about the deed, but on a search they found it and Mrs. Feltner asked to read it. Having thus secured possession of the deed, she took it away with her and has since refused to return it to Dan Smith or to the deputy with whom he left it.

Thereafter, the Feltners conveyed to Elisha Hurt the 20 acres which they had formerly conveyed to Dan Smith for a recited consideration of $400. Dan Smith paid the taxes and the note against the Feltners according to his agreement. On March 8, 1930, Dan Smith instituted this action in the Perry circuit court setting up in substance the foregoing facts, and alleging that he was the owner and entitled to possession of the tract of land described in his petition which the Feltners had deeded to him as above set out. Elisha Hurt and Lula Hurt, his wife, were made parties defendant with the Feltners, and it was alleged in effect that the deed to them was made pursuant to a collusive and fraudulent agreement to defraud and to cheat plaintiff out of the land described in the petition, and that Elisha Hurt and Lula Hurt at the time had full knowledge of the conveyance which the Feltners made to plaintiff and of all

the transactions between them. He prayed that Shade and Martha Feltner be required to specifically perform their contract with him and to execute, acknowledge, and deliver to him a deed for the tract of land described in the petition, and that in the event they refused to so do, the court appoint a commissioner to execute a deed for the land to him. Further that the deed from Shade and Martha Feltner to Elisha Hurt be canceled, set aside, and held for naught; that he be adjudged to be the owner of and to have the right of possession to the tract of land and for all proper and equitable relief.

Defendants filed answer, counterclaim, and cross-petition, the first paragraph of which traversed the allegations of the petition. In a second paragraph they alleged that shortly after the execution of the deed referred to in the petition, Dan Smith fraudulently, unlawfully, and without the consent or permission of Shade and Martha Feltner, altered and changed the terms of the deed which he alleges they made to him; that the alleged deed was never made or executed by them to the plaintiff for the reason that he did not have title to and was not in possession of the tract of land which he attempted to convey to them; that plaintiff through collusion and fraud with his father, Richard Smith, attempted to extract from defendants title to their property by fraudulent misrepresentations that he had good and valid title to and was in possession of the tract of land he proposed to convey to them and had full and lawful right to transfer same by deed of general warranty, but that in truth and in fact he did not have title to and was not in possession of such land. They asked that the deed or instrument alleged to have been executed to Dan Smith by them be canceled, set aside, and held for naught.

In a third paragraph, the defendants Elisha and Lula Hurt as a further defense set up the conveyance from the latter to them and alleged that by reason thereof they are the legal owners of and have actual possession of the tract in controversy, and that plaintiff, by setting up a claim to same, is casting a cloud upon their title. They asked that in the event they are not adjudged to be the owners of the land and entitled to possession thereof that they be adjudged a lien against same and for a judgment and order directing the sale thereof to satisfy the sum of $400 with interest from

January 30, 1930, which they paid as a consideration for the conveyance of land to them.

By reply plaintiff traversed all the affirmative allegations of the answer, counterclaim, and cross-petition. On final hearing it was adjudged that the deed from Shade Feltner and his wife to Dan Smith to the tract of land described in the petition is void for the reason that it had been changed by Dan Smith without the consent of Shade and Martha Feltner, and that same be set aside, canceled, and held for naught; that the deed from Dan Smith to Shade Feltner and wife be canceled, set aside, and held for naught; and, further, that the defendants Elisha and Lula Hurt are entitled to the relief sought in their cross-petition and that they are the owners and entitled to possession of the land described in plaintiff's petition. It was further adjudged that Dan Smith recover of the defendants the sum of $64, the amount of the note which he paid for them, and the further sum of $14.44, the amount of the taxes paid by him on the land in controversy, and that he has a lien upon same to secure the payment of these sums, and directed that the land be sold to satisfy the lien. Plaintiff is prosecuting this appeal.

None of the appellees testified nor did they offer any proof, being content to rest their case on the pleadings and evidence introduced by appellant. In addition to the facts hereinbefore recited, there is other evidence which will be discussed in disposing of questions presented by this appeal. Only a cursory review of the evidence reveals that the reason assigned by the chancellor for setting aside the deed from Shade Feltner and wife to appellant is groundless. The grantors, who in a surreptitious manner and without knowledge or consent of the grantee regained possession of the deed, failed to produce or to file it in an attempt to show that its terms had in any wise been changed, and the undisputed evidence introduced by appellant establishes that there was, in fact, no change made in the body of the deed, but that the deputy clerk merely inserted the word "Perry" in the certificate or memorandum of acknowledgment. It is apparent that a printed form had been used in preparing the deed and as usual the name of the county was omitted. The clerk had a right to insert the name of the county in order to complete the certificate. From the foregoing and other reasons that might be assigned,

it is obvious that the chancellor erred in setting aside this conveyance.

The chancellor assigned no reason for setting aside the deed from appellant to the Feltners, but we assume that his action is based on the allegations of appellees' pleading that appellant fraudulently represented that he had title to the land he proposed to convey when in fact he did not, because the title was in his father. The undisputed evidence shows that Richard Smith, father of appellant, had for something like forty years prior to July 11, 1925, been in possession of certain lands in Perry county under a claim of ownership and title; that on that date he conveyed a portion of such land to his daughter, Isabelle Stacey, and husband, and for some reason his other children and heirs joined in the conveyance. On the same date the same land was conveyed to appellant by Isabelle Stacey and her husband, and Richard Smith and his other children likewise joined in this conveyance. The land passing under these deeds included the tract which appellant conveyed to the Feltners. It is further established by the evidence that after the conveyance to appellant, he was continuously in possession of the land and claimed title thereunder until he made the deed to the Feltners. In the meantime, however, he was under charge in the federal court of having violated some of the liquor laws, and before leaving his home to answer the charge in the United States Court at Jackson, Ky., made a deed to his father for the land conveyed to him by his sister with the understanding that it was not to be effective or to be put to record unless he was convicted on the charge. He was not convicted, and on his return home the deed was turned over to him. Appellant and his father both testified as to the agreement and understanding between them and that his father was not and never had made any claim to the land after he conveyed it to his daughter; that no consideration passed from the father to the son, and the only purpose in making the deed was, if possible, to save the land from being subjected in the event of appellant's conviction on the liquor charge. Clearly there was not a delivery of the deed by the grantor to the grantee within the meaning of the law. It is an established rule that the delivery of a deed may be either actual or constructive, but in either event there must be an intent upon part of the grantor to transfer title coupled with some act by which he parts with power

of control over the instrument. Justice v. Peters, 168 Ky. 583, 182 S. W. 611; Hardin v. Kazee et al., 238 Ky. 526, 38 S. W. (2d) 438; Thompson v. Dulaney et al., 255 Ky. 794, 75 S. W. (2d) 524, decided October 23, 1934; Paige on Contracts, sec. 579.

If, in fact, appellant did deliver the deed to his father, the evidence shows that he did not surrender control of same, nor was the delivery accompanied by an intention upon the part of either of the parties that it should take effect thereby. It is, therefore, apparent that the recognized, essential elements of delivery are lacking.

Shade Feltner knew of this transaction between appellant and his father, and at his suggestion and request Richard Smith attempted to join in the deed and did sign it, but by oversight or inadvertence upon part of the draftsman of the deed his name was not inserted in the body of the deed. So, in no event can it be said that appellant attempted to perpetrate a fraud.

Section 491, Kentucky Statutes, provides:

"All deeds of bargain and sale, deeds to stand seized to use, deeds of release and deeds of trust shall be held to vest the possession of the grantor in the grantee to the extent of the estate intended to be conveyed."

When the deeds set aside by the judgment appealed from were delivered as above indicated, the transaction between the parties became complete. At the time appellant made and delivered the deed to the Feltners, he was in possession of the land thereby conveyed and by the conveyance intended to vest the grantee with fee-simple title thereto. Under the quoted section of the statute, appellant, on delivery of the deed, parted with his possession and vested it in the grantee.

In the circumstances it is to be doubted whether appellees could, by way of counterclaim, set up an action for rescission; but it is unnecessary to concern ourselves with this question, since they have wholly failed to establish any right or ground for such a remedy. It was agreed and understood by all that Richard Smith should join in the conveyance with his son for the purpose of conveying any right, title, or interest he might have in the property, and this he attempted to do when he signed the deed; but, by mistake upon the part of the

draftsman of the deed and the mutual mistake of the parties thereto, it was made and delivered without his name being inserted therein. At most, appellees Shade Feltner and wife could only ask that a deed be made to effectuate and carry out the intent of the parties. If Richard Smith had refused to join in such a conveyance, appellees might have made him a party or the court might have required him to be made a party. Civil Code of Practice, secs. 23 and 28.

It is manifest from a reading of the record that the Feltners became dissatisfied with their bargain and that the alleged defect in appellant's title was an afterthought and was seized upon by them as an excuse for attempting to avoid their contract. However, on a return of the case, if appellees so desire, Richard Smith may be required to properly join in the conveyance with appellant, and if this is not done voluntarily, he may be made a party to the action and such orders entered as will fully protect the interests of appellees Shade and Martha Feltner.

As respects the deed from the Feltners to the Hurts, it is established without dispute that Mrs. Hurt is a sister of Shade Feltner and that she and her husband live in the immediate community and knew all about the transactions between appellant and the Feltners, having discussed them with a number of persons; and knew that the deed had been made and delivered to appellant. In such circumstances they are not purchasers for value without notice and their deed should be canceled and set aside. Their remedy, if any, is against Shade and Martha Feltner.

Judgment reversed for proceedings and judgment in conformity with this opinion.