## McHargue et al. v. McHargue et al.

(Decided June 22, 1937.)

FLEM D. SAMPSON for appellants.

J. J. TYE and KENNETH TUGGLE for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The title to certain property near Corbin is involved. The decision is dependent upon proof of the execution and delivery of a deed which was either lost or destroyed without having been recorded.

Jesse McHargue, a widower with three children, for some time prior to 1918, lived on a farm which belonged to his deceased wife. After his marriage to Susan Reams, the farm was partitioned, but he purchased the interest of one of the children and continued to live on part of it. Three children were born of his second marriage. Some time in the year 1918, McHargue purchased the house and lot, the title to which is in question. A short time thereafter, on November 22, 1918, Susan Reams McHargue died, having been ill only four days. McHargue and his family later moved into the property. Then in March, 1921, he married Dora Janway. They lived there for a while and then moved into Corbin, renting out the place. The building was destroyed by fire. When another residence had been erected McHargue and wife and a child, who had been born to this union, together with the three children of his second wife, moved into it. There on February 9, 1934, McHargue died intestate.

It seems to us to have been almost conclusively proven that when McHargue purchased this property in 1918 he had it conveyed either to his then wife, Susan Reams McHargue, or to her and her children. It is not material now to determine whether the conveyance was the one way or the other. It is this deed that was lost or destroyed without having been recorded. On November 19, 1920, McHargue had the grantors in the first deed to make another conveying the property to himself. The contest in the suit is whether the title is in the children of Susan Reams McHargue, deceased, as the grantee in the first deed, or in all the children of Jesse McHargue, deceased, subject to homestead or dower of his widow, Dora Janway McHargue.

It is familiar law that, where there has been a duly executed and delivered deed to real property, a reconveyance by the grantee is necessary in order to divest him of the title, the destruction of the deed purposely or otherwise not having the effect of reinvesting the title in the grantor. Austin v. Moore, 188 Ky. 832, 224 S. W. 467; City Nat. Bank of Cairo v. Anderson, 189 Ky. 487, 225 S. W. 361; Sykes v. Hurd, 195 Ky.

560, 566, 242 S. W. 853; Brewer v. Lee, 252 Ky. 798, 68 S. W. (2d) 409.

The circuit judge found that, since the second deed, which was by this suit sought to be canceled and adjudged of no effect by two of the children of Susan Reams McHargue, had been executed, delivered, and recorded more than ten years before the suit was instituted, and Jesse McHargue's widow and child had been occupying the property as a homestead, they were adjudged the right to continue its use and occupancy free from any claim of any of the other children of the decedent. The case was ordered stricken from the docket and an appeal granted. While not expressly saying so, this was in effect a judgment denying a cancellation of the deed and adjudging title to have been in Jesse McHargue.

Counsel for the appellees, who are the widow and her child and one of the children of McHargue's second wife who did not join in the suit and who was before the court on constructive service, seem to concede that the premise of the court's opinion, namely, that the cause of action was barred by the statute of limitation, did not authorize the judgment, but argue that the judgment is nevertheless correct because of the absence of sufficient proof. The defense of limitations was not pleaded. But, more fundamental than that, if there was in fact a prior deed, the grantor had nothing whatever to convey by the second deed and it was wholly ineffectual, so no question of limitations could properly have had a place in the case.

While challenging the sufficiency of the evidence to establish the fact that there was a prior deed to Susan Reams McHargue, the appellees press the argument that there was no proof of a delivery to her.

There is no question that Jesse McHargue bought and paid for the property himself. The evidence as to it having been conveyed to his then wife, or to her and her children, is in part that he wanted them to have it as a home, since the children of his first wife had the farm, excepting the interest he had purchased from one of them, and had had the deed made to "Susan and her boys." At that time her children were very young. He so told his sister before Susan died. In 1919, about a year after her death, in a conversation with his nephew, McHargue restated his reason for having had

the property conveyed to his deceased wife, and in that conversation said, "There was some that was trying to get him to change the deed so he could sell the house if he wanted to, but that he would not do that." His daughter by his first wife testified to having read the deed when a controversy arose with a neighbor about an alley between the lots. She further testified to the circumstances under which Mrs. Susan Reams McHargue, about a week before she died, took the deed out of a trunk and showed it to her saying, "Here is the deed; I want you to see it; I hope you older children will not think hard of me for this for your father seen fit to do this; he wanted to leave me and them a home and that is the reason he made it." Mrs. McHargue put the deed back in the trunk. Witness' father had shown it to her also in March, 1921, on the day when his children moved out, shortly before he brought his third wife home. Her father "picked up the deed and said, 'Cora, here is this deed, it is just like it was when she died and it shall always remain that way.' " The witness had seen the deed in the trunk, several times. It was her father's trunk but she used it also, saying, "We always kept our insurance papers and deeds there, all in the same trunk." The key to it was put away but the members of the family had access to it. She did not see the deed after she moved away in March, 1921. It will be noted that this was six months after the date of the second deed but the father never showed her that instrument or then said anything about it. Afterward her father several times expressed his regret at having "changed the deed," which he said he had done in order "to live at peace." On another occasion he had said to her that if he had known Susan was "going to die or drop off and leave him" he would not have made the deed. It must be observed that the decedent's sister was also the sister-in-law of Susan Reams McHargue and that the daughter appears to be on none too friendly terms with her second stepmother, Dora Janway McHargue. But there is other evidence, such as that of the grantors, and, although less certain, of the notary public who took the acknowledgment to the second deed, going to show that there were in fact two deeds made to this property, one of which was to Susan Reams McHargue.

Legal delivery of a deed is as essential to validity in passing title as is the signing thereof. Hood v.

Nichol, 236 Ky. 779, 34 S. W. (2d) 429; Christopher's Adm'r v. Miniard, 267 Ky. 484, 102 S. W. (2d) 978. Appellees rely upon those cases reciting that the mere fact of possession of a deed by the grantee does not establish a delivery with an intention to pass title because the paper may have got into his hands without such intention. See Dunbar v. Meadows, 165 Ky. 275, 176 S. W. 1167. But with possession there is a strong presumption of complete delivery and an effective transfer of title which casts the burden upon the party questioning it to establish by clear and convincing evidence that the intention of the grantor and grantee was not to pass title. Christopher's Adm'r v. Miniard, supra. It seems to us that the facts show a good and sufficient delivery. It was kept in the family trunk and McHargue recognized a complete title in his wife. Ratcliff's Guardian v. Ratcliff, 242 Ky. 419, 46 S. W. (2d) 504. It is not reasonable that he would have had the deed made to his wife and yet left the entire title in the grantor from whom he had purchased the property, for delivery to him without his having been named as a grantee would have been as ineffectual as naming her as grantee and not delivering the instrument to her for the purpose of passing title.

We are of opinion that the prayer of the petition in respect of canceling and holding void the second deed should have been granted.

Judgment reversed.