**HAYNES et al. v. BARKER et al.**

Court of Appeals of Kentucky.

May 22, 1951.

Wallace & Hopson, Louisville, for appellants.

Joe G. Davis, Pierce Lively, and P. J. Clarke, all of Danville, for appellees.

LATIMER, Justice.

This appeal presents for consideration the effect of a conveyance wherein the grantors and grantees are the same persons. In 1937 Zillah D. Farris conveyed certain real estate to John W. Barker and Ida Florence Barker, husband and wife, as tenants in common. To correct the transfer as originally intended J. W. Barker and Ida Barker, parties of the first part, conveyed to themselves, parties of the second part, this same real estate to be held jointly with right of survivorship.

In 1948 John W. Barker died intestate, survived by his wife Ida Barker. In April 1949 Ida Barker conveyed this real estate to Vernice L. Walston and his wife Iola M. Walston.

This action was instituted by the children, heirs-at-law of the decedent, John W. Barker. The widow, Ida Barker, and the Walstons were named as parties defendant. It was alleged in the petition that at the time of the death of John W. Barker he was seized and possessed of a one-half undivided fee in the real estate described in the deeds mentioned above and asked the court to declare that they, as surviving heirs-at-law of the decedent, John W. Barker, are the owners of an undivided one-half interest in the real estate subject to the right of dower of Ida Barker.

The defendants filed answer setting up the deeds above and praying that the

Walstons be declared the fee simple owners of the real estate. After overruling plaintiffs' demurrer to answer, the court adjudged Vernice L. Walston and Iola M. Walston to be the owners in fee simple of the real estate. Plaintiffs appeal.

Appellants admit quite frankly that there can be no question concerning the intentions of J. W. Barker and his wife as evidenced by their deed to themselves. However, it is insisted that under the fundamental principles of law governing the validity of deeds in Kentucky the attempt to create an estate by entirety in the manner as done was futile, and the instrument conveying this property to themselves is void. It is pointed out that certain fundamental elements must be present in order to constitute a good deed: namely (1) there must be a grantor and grantee; (2) there must be an acceptance and deliverance; (3) there must be a divesting of title by grantor and a vesting of title in the grantee. In support thereof they cite Hardin v. Kazee, 238 Ky. 526, 38 S.W.2d 438, 16 Am.Juris., Deeds, Pars. 67 and 68. It is contended that since these elements are lacking, the attempted conveyance to themselves is void.

Obviously we have grantor and grantee. As to proposition two above we need refer only to Nunn v. Justice, 278 Ky. 811, 129 S.W.2d 564, wherein we held that the lodging of the deed for record in the proper office by the grantor is sufficient to constitute a delivery.

We now consider three above. Admitting that the instrument evidences clearly the intention of the grantors, appellants insist that intention does not govern the legal operation of the deed. In support thereof the cases of Hicks v. Sprankle, 149 Tenn. 310, 257 S.W. 1044, and Deslauriers v. Senesac, 331 Ill. 437, 163 N.E. 327, 62 A.L.R. 511, are cited. In these cases one of the spouses owned the real estate individually and attempted to convey the deed to himself and spouse with right of survivorship. The courts there held that such attempt to convey to himself and wife with right of survivorship was ineffective. We call attention to the fact that since the above cases were decided there appears to be a trend away from strict adherence to common law technicalities.

In jurisdictions where the common law technicalities remain and are strictly adhered to, the method of creating an estate in entirety is by taking the circuitous route of conveying to a "straw man", who in turn would convey to the grantor and others or as in this case to the grantors as tenants by the entirety. This view makes ineffectual that which is done by direction and effectual that which is done by indirection.

The modern view appears to us to be the more sensible and logical; that is where the intention is clear and unequivocal, permit to be done directly, that which could be done indirectly. This would make effectual the interest which the parties by their conveyance intended to create, without regard to those technicalities descending from the feudal period. See Am. Juris., Deeds, Paragraph 168; Therrien v. Therrien, Adm'r, 94 N.H. 66, 46 A.2d 538, 166 A.L.R. 1023; Annotations, 166 A.L.R. 1026.

There is additional significance to the position of the grantors in the instant case. Most if not quite all the cases found and observed by this writer were situations where one of the spouses owned the property in fee and undertook to make the conveyance to himself and the other spouse. In the instant case each of the spouses owned an undivided 1/2 interest. The husband may convey his interest directly to his wife. The wife may now convey her interest directly to her husband. By these acts, in the conveyance under consideration, the grantors do actually divest themselves of some interest and by their clear intentions override any formalistic objection which might be raised as to unity of time, title, interest, and possession.

We conclude, therefore, that the court properly adjudged that the conveyance of the property by the grantors to themselves created a joint tenancy in the grantees and that the deed of the surviving spouse conveyed a fee simple title to the grantees therein.

The judgment is affirmed.