Lola Mae PHELPS et al., Appellants,

v.

Nannie SLEDD et al., Appellees.

Nannie SLEDD et al., Cross-Appellants,

v.

Lola Mae PHELPS et al., Cross-Appellees.

Court of Appeals of Kentucky.

April 28, 1972.

W. Pelham McMurry, McMurry & Livingston, Paducah, for appellants.

Pal G. Howard, Benton, James E. Story, Eddyville, for appellees.

NEIKIRK, Judge.

Sol H. King, the sole owner of an 80-acre farm in Marshall County, died testate on June 17, 1946. The pertinent part of his will is as follows:

"I hereby give, devise, and bequeath unto my beloved wife, Elsada I. King, all of my property, both real and personal, which I may own at the time of my death to be used by her for her support and comfort during her natural life, and she may be permitted to sell the personal property if she needs to do so, and at her death, the real estate is to be divided among all my children except Jesse H. King mentioned in Article 2 herein as he

has received all that it is my intention to give him."

Sol King was survived by his widow, Elsada I. King, and nine children. One of his sons, Jesse H. King, was disinherited under the will. In October 1946, Robert King, another of Sol's sons, died intestate. He was survived by his widow, Lola Mae King (now Phelps), and his mother, Elsada King. At the time of Robert's death he was the owner of certain personal property and a 55-acre tract of land.

In December 1946, Robert's mother, Elsada, executed and delivered a deed to Robert's widow, Lola Mae. The deed contained the following pertinent language:

"That for and in consideration of One ($1.00) Dollar, cash in hand paid, the receipt of which is hereby acknowledged and other good and valuable considerations not herein mentioned, the receipt of all of which is hereby acknowledged, the said Mrs. Elsada King has sold and does hereby sell and convey unto the said Lola Mae King her entire interest, including real, personal and mixed, in the estate of the said Robert W. King, deceased, and including the entire interest of Robert W. King in and to the following described real estate lying and being in Marshall County, Kentucky, to-wit:" (The 55-acre tract of land upon which the residence of Robert King was located was then particularly described by metes and bounds.)

No mention of the 80-acre farm was made in this conveyance. Elsada King died intestate on February 16, 1963.

Sol King's children and grandchildren subsequently instituted this action, seeking to quiet the title to the 80-acre farm in them and demanding that Lola Mae and her husband, Sam Phelps, be adjudged to have no interest therein. All parties, after filing exhibits and affidavits, moved for summary judgment, and stipulated that the case be submitted on those exhibits and affidavits. The case was treated as having been submitted for a decision on the merits. The trial court adjudged the deed to be

ambiguous and that Lola Mae neither owned nor possessed any legal interest in the 80-acre tract of land owned by Sol King other than dower in her deceased spouse's undivided one-eighth interest.

Lola Mae Phelps and her husband, Sam Phelps, now appeal; Sol King's children and grandchildren cross-appeal.

The appellants contend that the trial court erred in ruling that Elsada's deed to Lola Mae was ambiguous, thereby permitting parol evidence to be considered to establish the intent of the parties. The appellants urge that this deed was not ambiguous but clear and certain on its face, contending that the deed conveyed to Lola Mae the one-eighth interest in the 80-acre tract that Elsada had inherited from Robert.

The construction of a deed is a matter of law, and the intention of the parties is to be gathered from the four corners of the instrument. Delph v. Daly, Ky., 444 S.W.2d 738 (1969); Gabbard v. Short, Ky., 351 S.W.2d 510 (1961). A court may not substitute what grantor may have intended to say for what was said. McMahan v. Hunsinger, Ky., 375 S.W.2d 820 (1964); Mascolino v. Noland & Cowden Enterprises, Inc., Ky., 391 S.W.2d 710 (1965). It is to be assumed that the parties to a deed intended each of its provisions to have some effect from the very fact that the words were used. The rule is well settled that words in a deed that are not technical must be construed as having their ordinary connotation.

In the instant case, the grantor in the conveyance used this language:

" * * * the said Elsada King has sold and does hereby sell and convey unto the said Lola Mae King her entire interest, including real, personal and mixed, in the estate of the said Robert W. King, deceased, and including the entire interest of Robert W. King in and to the following described real estate * * *."

The word "including" in its ordinary usage connotes "also," "as well as," "in addition

to," or "together with." The word ordinarily implies the conjunctive similar to the word "and." "Including" implies that something else is given beyond what is covered by the preceding language. Black's Law Dictionary, 4th Edition, page 905. The majority rule is that "including" is used as a word of enlargement and not of limitation. Words and Phrases, "Including." We adopt the majority rule. The deed is not ambiguous. Elsada conveyed to Lola Mae the interest Elsada inherited from her son in the 80-acre farm, as well as her inherited interest in the 55-acre tract. The trial court erred in finding contra.

The cross-appellants contend that Sol King's will established a class of devisees to be determined at the death of the life tenant, Elsada, and that Sol's son Robert had no interest in the 80-acre farm at the time of Robert's death as he predeceased his mother, Elsada, the life tenant. Under established rules of construction, the words "and at her death the real estate is to be divided" in Sol King's will relate not to the time of vesting of the estate but to the time of its enjoyment. The trial court found, and we concur, that when Sol King died each of the eight of his living children who took under the will had a one-eighth vested remainder interest in the 80-acre farm subject to the life tenancy of Elsada. When Robert died, he owned a one-eighth undivided vested remainder interest in the 80-acre farm and upon his death, this interest passed to his only heir-at-law, his mother, Elsada. KRS 391.010(2); 4 Thompson on Real Property, Section 2003, Pages 535–536; Simes, Law of Future Interest, Section 35; 28 Am. Jur., 2d, Estates, Section 281, Page 457; Graham v. Jones, Ky., 386 S.W.2d 271 (1965).

Appellants contend that even if the class of devisees was established at the death of Sol King, the one-eighth interest of Robert King divested automatically upon his death without children. We find no such conditional vesting as would be subject to divestment upon Robert's dying without any children. The will of Sol King cannot be construed in such a manner as to support the appellees' position. The cases cited by the cross-appellants do not have factual situations similar to those in the instant case and thus are not controlling.

 The cross-appellants also contend that they adversely held and possessed the eighty-acre tract for more than fifteen years, thus eliminating any claim appellants may now assert. We note that Elsada was in possession of the property as a life tenant until her death in 1963. The cross-appellants' adverse possession could not commence running until that time, so they fall far short of fifteen years of such possession.

We find no error in the judgment of the trial court pertaining to any of the other issues raised by the cross-appellants.

The judgment is reversed on appeal and affirmed on the cross-appeal for entry of judgment consistent herewith.

All concur.