**Audrey Lee SMITH, Appellant,**

v.

**James W. VEST, Sr., Appellee.**

**No. 2006–CA–000864–MR.**

Court of Appeals of Kentucky.

Nov. 30, 2007.

Discretionary Review Denied by Supreme Court Oct. 15, 2008.

Patrick S. McElhone, Louisville, KY, for appellant.

Edward F. Harrington, Jr., Jane G. Shrewsbury, Louisville, KY, for appellee.

Before ACREE, KELLER, and LAMBERT, Judges.

## OPINION

ACREE, Judge.

Audrey Lee Smith (Lee) appeals from an Opinion and Order of the Shelby Circuit Court granting summary judgment in favor of James W. Vest, Sr. (James) and concluding that a deed to which they were parties was void *ab initio* for failing to satisfy the statutory requirements of KRS 382.135.[1] Finding error in the circuit court's decision, we reverse.

On June 7, 1971, James became the sole fee simple owner of certain real property in Shelby County, Kentucky. James retained ownership of this property for more than a quarter century. In 1998, James utilized the services of a local attorney to prepare a deed conveying his property, at least in part, to his daughter, Sandra K. Smith (Sandra) and her husband, Lee, the Appellant. The parties executed that deed on May 22, 1998. Five days later, the deed was lodged of record with the Shelby County Clerk's office.

Sandra died sometime subsequent to the filing of this deed. In 2005, James filed suit against Lee alleging the May 22, 1998,

"Deed transferring Mr. Vest's property to his daughter and husband does not cite any consideration and therefore is void or voidable pursuant to KRS 382.135 and common law principles." The referenced statute requires parties to a deed to include within its body what is commonly referred to as a "consideration certificate."

On October 26, 2005, James filed a motion for summary judgment arguing that the deed is void *ab initio* for the reasons stated in his complaint. On January 4, 2006, the Shelby Circuit Court granted James' motion holding that the deed in question did not meet the requirements of KRS 382.135 and was "so flawed on its face as to render it void *ab initio.*"

Lee challenged the trial court's decision by filing a motion to alter, amend or vacate the judgment. In denying that motion, the trial court specifically stated that "the basis for this Court's decision is statutory compliance with deed formalities, not a claim for failure of consideration." This appeal followed.

■ When a trial court considers a motion for summary judgment, it must view the evidence in a light most favorable to, and resolve all doubts in favor of, the party opposing the motion. *Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476, 480 (Ky.1991). The court should not grant summary judgment if any issue of material fact exists. *Id.* This Court, in turn, must determine whether the trial court correctly found that no genuine issue of material fact existed and that the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky.App.1996). Since findings of fact are not in dispute, we review the trial court's decision *de novo. Id.*

---

1. Kentucky Revised Statutes

■ Additionally, the interpretation of a deed is a matter of law and, for that reason as well, our review of this case is *de novo*. *Florman v. MEBCO Ltd. Partnership*, 207 S.W.3d 593, 600 (Ky.App.2006). In interpreting a deed, we look to the intentions of the parties, "gathered from the four corners of the instrument," *Phelps v. Sledd*, 479 S.W.2d 894, 896 (Ky.1972) (citations omitted), giving common meaning and understanding to the words used. *Franklin Fluorspar Co. v. Hosick*, 239 Ky. 454, 39 S.W.2d 665, 666 (1931). We will "not substitute what grantor may have intended to say for what was said" in the deed itself. *Phelps*, 479 S.W.2d at 896. "The rule is also well settled that the deed will be construed most strongly against the grantor and in favor of the grantee if it admits of two constructions." *Florman*, 207 S.W.3d at 600 fn. 23, *quoting Franklin Fluorspar*, 39 S.W.2d at 666.

Before steering our attention to the deed, however, we first examine the statute in question, for its violation is the foundation of the circuit court's judgment. The statute's relevant provision requires that a deed to real property shall contain the following:

(a) The mailing addresses of the grantor and grantee;

(b) A statement of the full consideration; and

(c) In the case of a transfer other than by gift, or with nominal or no consideration a sworn, notarized certificate signed by the grantor or his agent and the grantee or his agent, or the parent or guardian of a person under eighteen (18) years old, that the consideration reflected in the deed is the full consideration paid for the property; or

(d) In the case of a transfer either by gift or with nominal or no consideration, a sworn, notarized certificate signed by the grantor or his agent and the grantee or his agent, or the parent or guardian of a person under eighteen (18) years old, stating that the transfer is by gift and setting forth the estimated fair cash value of the property.

KRS 382.135(1). County clerks are prohibited from filing "any deed that does not comply with the provisions of this section." KRS 382.135(5).

Lee agrees with the legal concept that failure to conform to KRS. 382.135(1) makes a deed unrecordable, but argues that this flaw does not make the document void or legally insufficient so as to divest Lee of title to the property. He also argues that the deed in question substantially complies with the statute. We agree with both contentions.

■ In general, recording a deed is "necessary only to secure the title against subsequent creditors and purchasers[.]" *Travis v. Saunders*, 198 Ky. 742, 743, 249 S.W. 1040, 1040 (1923), *citing Fitzhugh v. Croghan*, 25 Ky. 429, 2 J.J. Marsh. 429 (1829). It has been consistently held in this state that deeds are valid between the parties claiming under them, even though they may not be recordable instruments under our statutes. *See Fitzpatrick v. Layne*, 291 Ky. 523, 165 S.W.2d 13, 17 (1942) (a deed duly executed and delivered need not be recorded to pass title); *Blankenship v. Green*, 283 Ky. 700, 143 S.W.2d 294, 296 (1940) (a deed properly signed is good between the parties even if it is not acknowledged or recorded); *Brewer v. Lee*, 252 Ky. 798, 68 S.W.2d 409, 410 (1934) (an unrecorded deed is valid to both parties to the deed but also all others who have notice).

James, on the other hand, argues that there is more to the purpose of KRS 382.135 than mere filing criteria. He argues that its primary purpose is to assure grantors of the full consideration they are

being paid. That is why, he argues, any deed that does not comply strictly with KRS 382.135 is void. We do not agree. While the statute does serve an additional purpose, it is not the purpose James suggests.

The original enactment of this statute in 1990 shows that it was "AN ACT relating to property taxation and the administration thereof." 1990 Ky. Laws Ch. 411 (H.B.429). When it was amended two years later, the amendment was part of "AN ACT relating to property tax." 1992 Ky. Laws Ch. 263 (H.B.523). The obvious and sole purpose for the legislation was to eliminate the ability of buyers and sellers of real estate to avoid transfer taxes by understating the value of the property in the deed. Prior to the enactment of KRS 382.135, assessing the amount of transfer taxes a buyer or seller owed often became the responsibility of the courts. *See, e.g., Grant County Fiscal Court v. McGee,* 582 S.W.2d 69 (Ky.App.1979). The statute put the onus on the parties to represent to the taxing authorities, and third parties, under penalties of perjury, the fair cash value of the property.

■ The statute did not contravene the common law regarding the validity of any deed. As between the grantor and grantee, and third parties with notice, even a complete failure to include the consideration certificate called for in KRS 382.135 will not affect the validity of a deed if that deed contains the fundamental elements necessary to a valid and enforceable deed.

The deed will remain unrecordable, however, until it substantially complies with KRS 382.135.

■ The deed in question is a valid deed if it contains the fundamental elements necessary to a valid and enforceable deed, which are: (1) a grantor and grantee; (2) delivery and acceptance; (3) a divesting of title by grantor and a vesting of title in the grantee. *Haynes v. Barker,* 239 S.W.2d 996, 997 (Ky.1951). If each of these elements is present, the deed's recordability in this case is irrelevant.

The first of the three fundamental elements is that there be a grantor and a grantee. While this deed is imperfect, we have little difficulty identifying both grantor and grantees. Prior to the conveyance, James was the owner of the fee simple title and therefore could be the only grantor. The first paragraph of the deed shows that James is the Party of the First Part. The Party of the First Part is treated throughout the deed as the grantor. The deed's first paragraph also identifies James, Lee and Sandra as Parties of the Third Part [2], i.e., the parties who ultimately are vested by this deed with title to the property. They are thus the grantees. This conclusion is further supported by the underlying reason for conveying the property. That reason was that "the Parties of the Third Part [meaning James, Lee and Sandra] desire[d] to hold said property, share and share alike for and during their joint lives and, upon the death of either [3]

---

**2.** The deed also shows an intermediate Party of the Second Part. It is obvious to this Court that the attorney preparing the deed labored under a common misconception that this "straw man" was necessary to avoid ancient common law objections as to unity of time, title, interest, and possession, "technicalities descending from the feudal period." *Haynes v. Barker,* 239 S.W.2d 996, 997 (Ky.1951). This artifice was most commonly used when

spouses, owning property as tenants in common, desired to hold the same property jointly with right of survivorship. The fact it was used here reflects the intent that James be a grantee, for we know of no use for this "straw man" procedure that does not involve the parties' intent that the grantor also be one of the grantees. *See Haynes,* 239 S.W.2d at 997.

**3.** While the term "either" is typically used to distinguish between one of only two alterna-

party, then the remainder to the survivor thereof in fee simple." Without this conveyance, there would be "no provision as to survivorship property rights between the Parties," meaning James, Lee and Sandra. Consequently, as the deed clearly shows, this property was "convey[ed] unto the Parties of the Third Part [James, Lee and Sandra] for their joint lives with remainder in fee simple to the survivor of them[.]"

We reach this conclusion without leaving the four corners of the deed. However, our correctness is assured by the statements of the parties themselves. In his brief, Lee admits that "Mr. Vest decided to transfer the real property into three equal shares, with right of survivorship, between himself, his daughter and Appellant." Similarly, James' complaint states that he conveyed the property by "deed to himself and Audrey Lee Smith and his wife, Sandra K. Smith (his daughter), with rights of survivorship." Consequently, even if the deed had presented an ambiguity on this point, it is easily clarified by the agreement of the parties as to its meaning. *Chaney v. Chaney*, 300 Ky. 382, 189 S.W.2d 268, 269 (1945)("[T]he controlling factor is the intention of the parties in any deed or instrument.").

With regard to the first of the three essential elements of a deed, the grantor is James and the grantees are Lee, Sandra and James. Because Sandra has since passed away, James and Lee now own the property jointly with right of survivorship. That is, of course, provided the other two essential elements of a deed are present.

■ The second essential element is delivery and acceptance. This is much more simply answered. There is no question that Lee accepted the deed and "the lodging of the deed for record in the proper office by the grantor is sufficient to constitute a delivery." *Haynes*, 239 S.W.2d at 997. It is irrelevant for this purpose whether the deed should have or should not have been recorded. The fact is, it was recorded. That is sufficient under *Haynes* to constitute delivery and acceptance.

■ Finally, the third element requires a divesting of title by grantor and a vesting of title in the grantee. This, too, is simply answered. "The delivery of the deed is the act by which the grantor divests himself, and the acceptance of it is the act by which the vendee vests himself with title to the property." *Hardin v. Kazee*, 238 Ky. 526, 38 S.W.2d 438, 440 (Ky.1931); *see also, Smith v. Feltner*, 256 Ky. 325, 76 S.W.2d 25, 28 (Ky.1934)(interpreting Kentucky Statutes § 491, now KRS 381.060(2), that "[u]nder the quoted section of the statute, appellant, on delivery of the deed, parted with his possession and vested it in the grantee."). This principal applies without distinction among conveyances supported by consideration reflecting a property's fair market value, those in which the consideration is nominal, or conveyances evidencing no consideration at all. Of course, this third element embraces the presumption that the deed accurately describes the property being conveyed. Here, there is no question that it does.

We therefore hold as a matter of law that the document which is the subject of this litigation includes each of the fundamental elements necessary to constitute a valid and enforceable deed.

■ Contrary to the trial judge's conclusion that the deed does not satisfy the requirements of KRS 382.135, the Shelby

tives, *Black's Law Dictionary* 463 (5th ed.1979), we have no difficulty, given the other indicia of the parties' intent, construing its use here as the equivalent of "any."

County Clerk permitted the deed to be filed. We do not defer to the Shelby County Clerk as the final arbiter of a deed's recordability. However, in this case, we believe the clerk was correct in permitting its filing as the deed substantially complied with KRS 382.135.

■ Mailing addresses are clearly stated in the deed, thereby satisfying KRS 382.135(1)(a). The consideration is stated as the parties' mutual desire that they effect ownership of the property jointly with rights of survivorship. Such a statement of consideration is sufficient to satisfy KRS 382.135(1)(b).

■ Because this was a "transfer either by gift or with nominal or no consideration," the parties were required to comply with subsection (1)(d) of the statute, but not subsection (1)(c). Pursuant to subsection (1)(d), the parties were required to include in the deed "a sworn, notarized certificate signed by the grantor or his agent and the grantee or his agent ... stating that the transfer is by gift and setting forth the estimated fair cash value of the property." KRS 382.135(1)(d). The notarized consideration certificate, signed and sworn to by all of the parties states that the "fair market value [4] of the property conveyed is $43,800." In only one regard is the certificate lacking. As the trial court specifically found, "[t]his deed fails to state it is a gift[.]" However, we do not believe this failure makes the deed unrecordable, much less invalid.

The wording of subsections (1)(c) and (1)(d) in the original enactment of this statute, 1990 Ky. Laws H.B. 429 (Ch 411) § 4, distinguished only between transfers "by gift" and transfers "other than by gift[.]" The legislation presumed that if parties to a transaction other than by gift certified the "full consideration paid[,]" the purchase price required to be stated in the deed would have been arrived at by means of an arms' length transaction thereby evidencing the property's fair cash value to be taxed. See Grant County Fiscal Court, 582 S.W.2d at 70 ("Unquestionably, sales furnish strong evidence upon which to base an assessment."). On the other hand, where the conveyance was by gift, the parties would have to certify an estimate of the fair cash value so that the property tax could be assessed.

The problem was that the legislation contained no provision requiring either a statement of consideration or an estimate of fair cash value where a non-gift transaction was accomplished with minimal or no exchange of cash, such as in a like-kind exchange pursuant to 26 U.S.C.[5] § 1031, or pursuant to court order, or otherwise.

Consequently, in 1992 the legislature attempted to correct the error by inserting language in subsection (1)(c) and (1)(d) closing the loophole.[6] Now, however, a literal reading of the current version of KRS 382.135(1)(d) requires parties to swear that the transaction was by gift even when it was not by gift, i.e., when it was transferred "with nominal or no consideration" under circumstances not amounting to a gift. Fortunately, rules of statutory interpretation provide a resolution.

Our former Court of Appeals noted that the general rule is that "every word in a statute is to be given force and effect[.]" Golightly v. Bailey, 218 Ky. 794, 292 S.W. 320, 321 (1927). But the Court went on.

---

4. "Fair market value" and "fair cash value" are interchangeable terms. Grant County Fiscal Court v. McGee, 582 S.W.2d 69, 70 (Ky. App.1979).

5. United States Code

6. The legislature also added the current subsection (3) relating to like-kind exchanges.

[W]henever a statute contains words to which no meaning at all can be attached, or at least no meaning in harmony with the legislative intent as collected from the entire act, such words will be treated as surplusage, and will be wholly disregarded in the construction of the act.

It is a well-settled rule of construction that the letter of a statute will not be followed when it leads to an absurd conclusion. The reason for the enactment must enter into its interpretation, so as to determine what was intended to be accomplished by it. The purpose is to give effect to the legislative intent. The will of the Legislature, not its words, is the law.

*Id.*

We do not believe the legislature intended to require the parties to a deed to swear any oath that, in some circumstances, is not true. Besides, the statute requires that the certificate set "forth the estimated fair cash value of the property[,]" KRS 382.135(1)(d), thereby facilitating appropriate taxation—the purpose of the legislation. Such certification in a deed reflecting no or minimal monetary consideration clearly enough indicates that the deed reflects "a transfer either by gift or with nominal or no consideration[.]" KRS 382.135(1)(d). As noted above, the purpose of this statute has always been to facilitate proper taxing of the conveyance. Specifically requiring the word "gift" in the certificate adds nothing to that purpose. Given that purpose, we conclude that when the legislature amended KRS 382.135(1)(d) in 1992 to embrace transfers of property other than by gift, it made the language requiring the parties to specifically certify that the transfer was a gift "surplusage, and [it] will be wholly disregarded in the construction of the act." *Golightly,* 292 S.W. at 321.

We therefore hold that if a deed conforms to KRS 382.135 in all other respects, but only fails to include the word "gift" in its body, the parties have substantially complied with KRS 382.135. The deed in this case satisfies that standard and therefore was recordable despite the failure to specifically state in the certificate of consideration that it was a gift.

The trial court also held that the deed was void because it did not include James' signature as a grantee. However, it is axiomatic that a deed need not be signed by a grantee if the other fundamental elements of a deed are present. *See Dennis v. Bird,* 941 S.W.2d 486, 488 (Ky. App.1997)(Even when future interests are reserved in a deed, the grantee's signature is unnecessary). The trial court's ruling to this effect does, however, convince us that he, too, recognized the parties' intent that Lee, Sandra and James would, all three, hold the property jointly.

The trial court also included among the deed's defects the reference to KRS 142.050(7)(e) as "cause for exemption from transfer tax" since that subsection refers to conveyances between husbands and wives. While this is true, the same statute does provide an exemption of which James could have taken advantage. KRS 142.050(7)(*l* )(tax exemption for transfers "[b]etween parent and child or grandparent and grandchild, with only nominal consideration therefor"). Certainly though, such a "defect" is irrelevant to the validity of the deed.

In summary, we find the deed between the parties to be valid and binding, as well as recordable. The parties would be wise to prepare a deed of correction, consistent with this opinion, indicating that the original grantees were Sandra, Lee and James.

For the foregoing reasons, we REVERSE the Opinion and Order of the

Shelby Circuit Court and ORDER the complaint of Appellee James Vest DISMISSED.

KELLER, Judge, Concurs.

LAMBERT, Judge, Dissents.

LAMBERT, Judge, dissenting.

Respectfully, I dissent and adopt the December 27, 2005, Opinion and Order of the Shelby Circuit Court. As did Judge Hickman of the Circuit Court, I would find that the deed in question fails on many counts and is so flawed on its face as to render it void *ab initio*.