RENDERED: NOVEMBER 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1506-MR

JONATHAN ALFRED WEAVER  APPELLANT

v.  APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE LAUREN ADAMS OGDEN, JUDGE
ACTION NO. 19-CI-500279

RICKI RENÉE WEAVER[1]  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, MAZE, AND TAYLOR, JUDGES.

---

[1] We note Appellee's name appears in various forms throughout the record before us. In the petition for dissolution, verified by Appellee, her name is captioned and signed as "Rikci Renee Weaver." She signed the parties' separation agreement as "Rikci Weaver." The notice of appeal identifies her as "Ricki Renée Weaver," and Appellant's brief spells her first name as "Rikki." Although we believe the petition for dissolution is likely correct, we use "Ricki Renée Weaver" consistent with the notice of appeal.

LAMBERT, JUDGE: Jonathan Alfred Weaver appeals from an order of the Jefferson Family Court that awarded homeowner's insurance proceeds to his former spouse, Ricki Renée Weaver. We affirm.

The following facts are not in dispute. Ricki filed a petition for dissolution of marriage on January 28, 2019, after thirty years of marriage. The petition indicated the parties separated in December 2018 and were living in separate residences. Ricki continued to reside in the marital home. During the pendency of the action, the marital home suffered two instances of damage for which the homeowner's insurance company issued checks for repairs and reimbursement for loss of personal property. The first incident was related to hail and wind damage. The second incident was related to sump pump failure in the basement and resulting flood damage. In all, the insurance company issued three separate checks, payable to both Ricki and Jonathan, totaling approximately $26,667.[2]

The parties entered into a separation agreement in October 2019. The agreement stated, in relevant part, that the marital home was "to be sold. Jonathan to select realtor and accept or reject all offers. [Ricki] to cooperate. Net proceeds after sale to be divided 50/50. Until sold [Ricki] may remain in home. Until sold

---

[2] One of the checks for $12,507.03 was also made out to Central Bank, the mortgagor at the time, and was originally for approximately $15,000. Roughly $3,000 was used for repairs and the remainder was issued as a refund of the difference.

Jonathan may or may not pay mortgage as he may be able. [Ricki] not obligated on mortgage." The separation agreement did not address division of the insurance proceeds or the cost and nature of repairs to the home. On November 13, 2019, the family court entered the decree of dissolution which incorporated the terms of the separation agreement.

On or about May 19, 2020, Ricki paid off the mortgage with funds from her portion of the parties' property settlement. Ricki testified the payoff amount was approximately $79,000. Jonathan testified and provided documentation that the payoff amount was closer to $73,000. On May 23, 2020, Jonathan received an offer on the marital home for approximately $138,000. However, upon presentation of the offer to Ricki, rather than agree to accept it, she presented a counteroffer to buy Jonathan's equity in the home for $38,000. Jonathan agreed, and the parties executed a deed on or about June 30, 2020, which placed the home solely in Ricki's name.

In March 2021, Ricki filed a motion for the family court to order Jonathan to sign the checks for the insurance proceeds over to her because she was the sole owner of the home. Jonathan filed a response stating the proceeds should be divided 50/50 because the parties were both owners of the home when the checks were issued. After a hearing, the family court granted Ricki's motion.

Jonathan filed a motion to alter, amend, or vacate the family court's order which was denied. This appeal followed.

In a dissolution action, the well-settled standard of review of a family court's conclusions of law is *de novo*. *Jones v. Livesay*, 551 S.W.3d 47, 50 (Ky. App. 2018) (citation omitted). Further, Kentucky Rules of Civil Procedure (CR) 52.01 instructs that we must defer to the family court's findings of fact unless they are clearly erroneous, *i.e.*, not supported by substantial evidence.

Jonathan argues the family court's findings of fact were not supported by substantial evidence and that its conclusions of law were similarly erroneous. We disagree.

We first address Jonathan's argument that the family court erred because it relied on the language of the June 30, 2020, deed, which was not admitted into evidence. We agree the family court partially erred in its finding that "[t]he deed dated June 30, 2020, filed, and of record with the Jefferson County Clerk's Office is not ambiguous, notarized and signed by both parties, and details that it is pursuant to 'valuable consideration paid[,]'" because the deed was never admitted into evidence from which the family court could extract and quote the specific language contained therein. However, we hold this error was harmless. Both parties testified to the existence of the deed that conveyed Jonathan's interest to Ricki, the date it was executed, and that Jonathan accepted $38,000 from Ricki

-4-

for his equity in the home.  Jonathan does not claim the deed is in any way invalid.[3]

"Under the harmless error doctrine, if upon consideration of the whole case it does not appear that there is a substantial possibility that the result would have been any different, the error will be held non-prejudicial." *Gosser v. Commonwealth*, 31 S.W.3d 897, 903 (Ky. 2000), *abrogated on other grounds by Winstead v. Commonwealth*, 283 S.W.3d 678 (Ky. 2009) (citation omitted). In *Winstead*, the Supreme Court of Kentucky stated that "[a] non-constitutional evidentiary error may be deemed harmless, the United States Supreme Court has explained, if the reviewing court can say with fair assurance that the judgment was not substantially swayed by the error."  283 S.W.3d at 688-89 (citing *Kotteakos v. United States*, 328 U.S. 750, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946)).  Although the family court cited language common to virtually all deeds of conveyance, it erred in doing so because the deed was not admitted into evidence.  Nevertheless, we hold that, in doing so, the family court committed harmless error.

Jonathan also argues that, while he accepted $38,000 from Ricki for his equity in the home, the insurance proceeds were a separate issue unrelated to

---

[3] "The deed in question is a valid deed if it contains the fundamental elements necessary to a valid and enforceable deed, which are:  (1) a grantor and grantee; (2) delivery and acceptance; (3) a divesting of title by grantor and a vesting of title in the grantee." *Smith v. Vest*, 265 S.W.3d 246, 250 (Ky. App. 2007) (citation omitted).

the equity and should have been divided 50/50. He contends he accepted $38,000 because he calculated that, once he received half of the insurance proceeds, it would bring him up to what he claims was his true equity in the home, or $50,000. Jonathan arrives at this number by beginning with the assertion that the true value of the marital home was around $180,000. This is not supported by any evidence of record and is solely Jonathan's opinion. In fact, it is contradicted by the record because he was prepared to accept an offer of $138,000 from a third-party purchaser. Further,

> [t]o be qualified to express an opinion upon fair market value of real property, a witness, including the owner thereof, must possess "some basis for a knowledge of market values." *Robinson v. Robinson*, 569 S.W.2d [178,] 179 [(Ky. App. 1978)] (quoting *Com. Dept. of Highways v. Fister*, 373 S.W.2d 720, 722 (Ky. 1963)). Simply stated, the mere ownership of property does not qualify a lay person to give an opinion upon market value. *Robinson*, 569 S.W.2d 178.

*Jones v. Jones*, 245 S.W.3d 815, 820 (Ky. App. 2008). There is nothing in the record that demonstrates Jonathan had any basis to make an opinion on the fair market value of the home. Accordingly, this argument must fail.

Finally, the insurance proceeds merely served to restore the value of the home from the various damage it had sustained. *See Hunter v. Hunter*, 127 S.W.3d 656, 662 (Ky. App. 2003). While some of the proceeds were likely intended as compensation for damage to personal property, Jonathan has never

claimed he had any personal property remaining in the home that was damaged as a result of the wind/hail damage or flooding. There is no question Jonathan knew of the insurance proceeds at the time the parties were negotiating for Ricki to purchase Jonathan's equity in the home. We agree with the family court's findings that

> [t]he parties agreed that [Jonathan] would accept $38,000 for his share of the equity in the former marital residence. This agreement was properly reduced to writing [*i.e.*, the deed executed by the parties on June 30, 2020], as required by [Kentucky Revised Statutes] KRS 371.[010]. [Jonathan] could have negotiated for a higher amount, to include his portion of the insurance proceeds, or anticipated increase in the fair market value of the home after repairs, but he did not. He is bound by his agreement.

> Accordingly, and for the foregoing reasons, the judgment of the

Jefferson Family Court is affirmed.


MAZE, JUDGE, CONCURS.

TAYLOR, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

BRIEFS FOR APPELLANT:

Lawrence H. Belanger
Louisville, Kentucky

BRIEF FOR APPELLEE:

John M. Mayer, Jr.
Clarksville, Indiana