RENDERED: MARCH 31, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0157-MR

DEBORAH CALLAHAN; CHERYL
GAUNCE; AND KENNETH H. CLEM                                    APPELLANTS


v.           APPEAL FROM SCOTT CIRCUIT COURT
             HONORABLE BRIAN PRIVETT, JUDGE
             ACTION NO. 21-CI-00144


GARY HENSLEY; CHUCK
HENSLEY; GLENN CAMPBELL
DRURY; JULIE A. DRURY; AND
LUKE DRURY                                                        APPELLEES


OPINION
REVERSING
AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

COMBS, JUDGE: In this property dispute, Deborah Callahan, Cheryl Gaunce,

and Kenneth H. Clem (Appellants) appeal from a summary judgment of the Scott

Circuit Court which held that a recorded deed in their chain of title conveyed an

absolute fee simple interest in a private way bisecting their property. On the contrary, Appellants argue that the recorded deed conveyed merely an easement. After our review, we are compelled to agree. Consequently, we reverse and remand for entry of an order consistent with this Opinion.

Our analysis renders a recitation of the entire procedural history of the litigation unnecessary. Our summary of the evidence is similarly abbreviated. The following pertinent facts, which are undisputed, present a single question of law.

By a deed dated December 27, 1900, Nancy Anderson conveyed to her son, Abe Warth, a private way from Warth's property over her own property to Finnell Turnpike in Georgetown. It was a narrow strip of land that bisected Anderson's property and provided ingress and egress for Warth. Nancy Anderson is the predecessor in interest of "the Clem property" now owned by Deborah Callahan, Cheryl Gaunce, and Kenneth H. Clem.

On March 20, 2021, Callahan, Gaunce, and Clem filed an action to quiet title against Gary Hensley, Chuck Hensley, Glenn Campbell Drury, Julie A. Drury, and Luke Drury (the Appellees). The Appellants alleged that the Hensleys and the Drurys (again, whose predecessor in interest was Warth, Anderson's son, who originally received the interest in the passway) were overburdening the passway easement and wrongfully excluding them from their property. They also

-2-

alleged that the Hensleys and Drurys laid a water line beneath the easement without permission.

The Hensleys and Drurys answered the complaint and filed a counterclaim in which they alleged that Anderson's deed to Warth conveyed fee simple absolute interest in the passway -- and not merely an easement.

On May 18, 2021, Appellants Callahan, Gaunce, and Clem filed a motion for summary judgment. They argued that the Anderson deed conveyed only an easement and not an interest in fee simple. In June 2021, the Appellees, the Hensleys, and the Drurys filed a cross-motion for summary judgment. They argued that the conveyance from Anderson to Warth in 1900 conveyed a fee simple interest in the disputed way. On July 19, 2021, the Scott Circuit Court granted summary judgment to the Hensleys and Drurys. This timely appeal followed.

On appeal, Callahan, Gaunce, and Clem argue that the trial court erred by granting summary judgment to the Hensleys and Drurys. We agree.

The Kentucky Rules of Civil Procedure (CR) provide that summary judgment will be granted where the pleadings, depositions, answers to interrogatories, stipulations, admissions, and/or affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. CR 56.03. The parties agree that there are no

-3-

genuine issues of material fact concerning construction of the conveyance and that interpretation of the deed is entirely a matter of law. Consequently, the issue was appropriate for summary judgment. *See Shields v. University of Louisville Foundation, Inc.*, 536 S.W.3d 706 (Ky. App. 2017) (The interpretation of a deed presents an issue of law.). Therefore, we may not defer to the trial court's interpretation of the conveyance. *Vorherr v. Coldiron*, 525 S.W.3d 532 (Ky. App. 2017). Our review is *de novo*. *Hazard Coal Corp. v. Knight*, 325 S.W.3d 290 (Ky. 2010); *Dukes v. Link*, 315 S.W.3d 712 (Ky. App. 2010).

In determining the interest conveyed by a deed, we must seek to give effect to the parties' intentions as gathered from the four corners of the instrument. *Hoskins Heirs v. Boggs*, 242 S.W.3d 320 (Ky. 2007) (citing *Phelps v. Sledd*, 479 S.W.2d 894, 896 (Ky. 1972)). The Anderson deed's granting clause expressly conveys "a pass way" to Warth "through the land of [Anderson.]" The deed describes the location of the private way as follows:

> It is understood and agreed by & between both parties
> herein that said *road* or *pass-way* is to be about 30 ft
> wide through [Anderson's] land . . . said *road* or
> *passway* is about ¼ mile from [Warth's land] through the
> land of [Anderson] to the aforesaid Finnell turnpike.

(Emphasis added.)

Specific reference in a deed to a "passway" or "road" generally conveys an easement -- not a fee simple interest. *Holbrook v. Hammond*, 302 Ky.

-4-

10, 12-14, 192 S.W.2d 746, 747-48 (1946) ("the general grant of a passway, or right of way, over the land of the grantor at a particular place, does not confer either the possession or the right of possession of the land, but the mere right of way, or of passing over it.") Moreover, the interest conveyed by Anderson's deed is limited to a specific use and purpose remedy -- namely, to access the turnpike.

Easements are characterized as interests in property conveying the right to use land for specific, limited purposes. *Hogg v. Hogg*, 619 S.W.3d 921 (Ky. App. 2020). Additionally, the deed describes the conveyed interest as passing "through the land of [Anderson]" and "through [Anderson's] land." Language indicating that the private way crosses Anderson's property signaled her intention to retain ownership of that property and to convey merely an easement. Finally, we note that only nominal consideration was paid for the interest conveyed. While this fact by itself is not persuasive (particularly where the parties to the deed were blood relatives), it is nonetheless a factor to be considered in the analysis. Read together, the language used in the deed appears to convey only a right to use a designated path over Anderson's property. It does not indicate that the conveyance intended to create or to pass an estate in fee.

However, the *habendum* clause of the deed provides that Anderson conveys the interest "[t]o have and to hold . . . with all the appurtenances thereon to [Warth] his heirs and assigns forever with covenant of general warranty[.]" The

Hensleys and the Drurys argue that this language supports construction of the deed as conveying a fee simple interest in the strip of land to Warth. While we acknowledge their premise, the language used in the clause is only one factor among several that we must consider in determining whether the parties intended to grant a fee interest or an easement. Historically, the language of the granting clause has been given precedence over the verbiage of the *habendum* clause. *See Kentucky Real Estate Bd. v. Smith*, 272 Ky. 313, 114 S.W.2d 107 (1938).

Construing the language of the entire instrument, particularly the granting clause, we conclude that the intention and purpose of the parties in executing it was to convey an easement rather than an interest in fee simple. The express language of the deed conveyed an easement to benefit the property now owned by the Hensleys and the Drurys.

We reverse the order of the Scott Circuit Court, and we remand for entry of an order consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Emmett Daniel Clifford
Cynthiana, Kentucky

BRIEF FOR APPELLEES:

Neil E. Duncliffe
Georgetown, Kentucky