RENDERED:  JUNE 23, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0201-MR

STEVE A. ROBERTS                                                        APPELLANT


APPEAL FROM POWELL CIRCUIT COURT
v.       HONORABLE LISA HAYDEN WHISMAN, JUDGE
ACTION NO. 20-CI-00184


FRANKLIN R. MCGUIRE AND
AMANDA T. MCGUIRE                                                      APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ECKERLE, KAREM, AND MCNEILL, JUDGES.

MCNEILL, JUDGE:  This is a boundary dispute case involving a 12.53-acre tract

of land located in Powell County, Kentucky (hereafter, the "Property").  Appellant

is Steve A. Roberts ("Roberts").  The Appellees are Franklin R. McGuire and

Amanda T. McGuire (the "McGuires").  In December of 2020, the McGuires filed

a Petition for a Declaration of Rights in Powell Circuit Court alleging, *inter alia*,

that they are the owners of the Property as evidenced by their deeds of record.

They further assert that Roberts erroneously claims to be the owner of the Property, also by deed. The McGuires sought damages, equitable relief, to have Roberts' deed be stricken from the county clerk's records, and to enjoin Roberts from interfering with the Property. After a bench trial on the matter, the trial court issued a judgment in favor of the McGuires on January 28, 2022. Roberts appeals to this Court as a matter of right. No reply brief was filed. For the following reasons, we affirm.

Roberts generally argues on appeal that the trial court erred in its "characterization of the determination to be made." He specifically alleges that the court failed to address the applicable law. Roberts correctly states that "[t]he construction of a deed is a matter of law, and the intention of the parties is to be gathered from the four corners of the instrument." *Phelps v. Sledd*, 479 S.W.2d 894, 896 (Ky. 1972). However, because the court was the finder of fact here, we review its factual determinations for clear error. CR[1] 52.01. Our review has been summarized as follows:

> the dispositive question that we must answer, therefore, is whether the trial court's findings of fact are clearly erroneous, i.e., whether or not those findings are supported by substantial evidence. [S]ubstantial evidence is [e]vidence that a reasonable mind would accept as adequate to support a conclusion and evidence that, when taken alone or in the light of all the evidence, . . . has sufficient probative value to induce conviction in the

---

[1] Kentucky Rules of Civil Procedure.

minds of reasonable men. Regardless of conflicting evidence, the weight of the evidence, or the fact that the reviewing court would have reached a contrary finding, due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses because judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court. Thus, [m]ere doubt as to the correctness of [a] finding [will] not justify [its] reversal, and appellate courts should not disturb trial court findings that are supported by substantial evidence.

*Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (internal quotation marks and footnotes omitted). In addition to these admonitions, there is no indication that Roberts filed a motion to alter, amend, or vacate the court's judgment. There is also no indication that he requested additional findings pursuant to CR 52.04.

CR 52.04 states that a final judgment shall not be reversed or remanded because the trial court did not make a finding of fact on an issue essential to the judgment unless that omission has been brought to the judge's attention by a written request for that finding or by a motion filed within ten days after entry of the judgment.

*Anderson v. Johnson*, 350 S.W.3d 453, 457 (Ky. 2011) (internal quotation marks and footnote omitted).

The trial court in the present case entered nineteen findings of facts. Finding six indicates that, "[d]uring the bench trial, two surveyors were called. One by each side." After discussing their testimony, the court concluded that "[b]ased on the testimony of both expert surveyors, this court finds that the Donnie

Roberts plat does not conform to acceptable surveyors' standards and cannot be relied upon to convey land with any degree of certainty . . . [and that] exhibit 12 is a true and accurate depiction of the boundary line that divides the Petitioners' and Respondent's land." As previously stated, the court ultimately ruled in favor of the McGuires. In consideration of the record presented and the law, we cannot conclude that the trial court committed clear error. Therefore, we AFFIRM.

ALL CONCUR.

BRIEF FOR APPELLANT:

David M. Ward
Winchester, Kentucky

BRIEF FOR APPELLEES:

Ira S. Kilburn
Salt Lick, Kentucky